# Daniel *vs* Daniel, &c.

## ERROR TO THE CLARKE CIRCUIT.

### Partners and partnership. Assumpsit.

JUDGE SIMPSON delivered the opinion of the Court.

JESSE DANIEL and William H. Nelson having raised a crop of corn in co-partnership, Daniel, who owned two thirds, gave to his son, Ellison A. Daniel, about one hundred and eighty barrels of it, who took it into his possession, and appropriated it to his own use.

This action of assumpsit was brought in the name of the partners, for the use of Nelson, against Ellison A. Daniel, for the value of the corn, treating him as a pur-

chaser. The plaintiffs, by way of specification of the demand claimed by them in the suit, stated at the foot of the declaration, that the suit was brought to recover Nelson's third of the corn, who to that extent claimed the right to control the suit for his own benefit.

The defendant moved the Court to dismiss the suit, and in support of the motion, read a writing signed by the plaintiff, Jesse Daniel, stating that he had given to the defendant the corn for which he was sued, and requesting the Court to dismiss the suit. This motion was overruled. Whether the Court erred in overruling the motion, is the first question presented.

One partner cannot appropriate partnership effects, without the consent of his co-partners, to the payment of his individual debts. If he should so apply them, his creditor would be liable to the firm in an action of assumpsit for the value of the property: *Dob* vs *Holsey,* (*16 Johnson's Rep.*, 34.)

*If one partner, without the consent of the other, appropriate the partnership property to the payment of his individual debts, his creditor is liable to the firm for the value of the property.—(16 Johnson, 34.) So if he do it against the will of the other.*

If one partner cannot convert or use partnership property against the will of his co-partners, for the payment of his individual debts, for the same reason, he cannot make a valid gift of it, to the prejudice of the other members of the firm, and in opposition to their wishes.

Each partner has an implied authority to dispose of the partnership property in the course of the partnership business. But a gift of the property, or a sale of it for the payment of the separate debt of one of the partners, not being within the scope or design of a partnership business, nor having the appearance of being made on behalf of the firm, is not valid, if made against the will, and without the assent, express or implied, of the other co-partners.

*Each partner has an implied authority to dispose of the partnership property in the course of the business, but not to give it away or to pay their individual debts with it—such is not a disposition within the scope of partnership purposes.*

The Court, therefore, did not err in overruling the defendant's motion to dismiss the suit.

*One partner should not be permitted to dismiss a suit bro't in the partnership name for the value of property given away by himself.*

And as the jury might have inferred from the evidence, that the gift was made against the will of Nelson, and without his assent, and the defendant knew that the corn was partnership property, the verdict of the jury in favor of the plaintiffs for one third of the value of the corn, was right, unless the form of the action was misconceived.

It may be, that in cases where goods have been tortiously taken from the owner, whereby he has a right to an action of trespass or trover, he cannot waive the tort, and charge the wrong doer in assumpsit with the value, unless the goods have been sold, and the money received by him, in which case the owner may waive the tort, affirm the sale, and have an action for money had and received for the proceeds. In the case of *Jones* vs *Hoar*, (5 *Pickering*, 285,) upon a careful review by the Court of all the authorities upon the point, it was so held.

But it is also well settled, that in many cases where there has been no actual sale to the defendant, the owner may state his demand as arising on contract, and treat the party liable, to his action as a purchaser, whose use of the property is thereby sanctioned and confirmed: *Hill* vs *Perrott*, (3 *Taunt.*, 274;) *Cummings* vs *Noyes*, (10 *Mass. Rep.*, 435.)

In this case, as the defendant took the corn with the consent of one of the partners, although the law would not permit him to retain it as a gift, it being a fraud upon the rights of the co-partner, yet as the taking was not actually tortious, the partners may jointly sanction the use and appropriation of the property by him, and hold him accountable for it as a purchaser. From his knowledge of the facts upon which the action is based, and the use of the partnership corn by him, with that knowledge, the law will imply a promise by him to pay its value to the plaintiffs.

As only one third of the value of the corn was claimed or recovered by the plaintiffs, and as the defendant is not injured by the damages being assessed for less than the full value of the corn, it is not necessary to determine, whether under the circumstances presented by the proof, the defendant could have been held liable for more than one third.

There was nothing in the action of the Court below in giving and refusing instructions to the jury inconsistent with the views and principles expressed in this opinion.

Wherefore, the judgment is affirmed.

---

*Margin notes:*

DANIEL *vs* DANIEL, &c.

If goods be tortiously taken & sold, the owner may waive the tort and bring assumpsit for the value. (5 *Pick.*, 585.) And in some cases where there has been actual sale the plaintiff may state his case as arising upon contract where the use of property has been sanctioned. (3 *Taunt.*, 274; 10 *Mass. Rep.* 435.)

A party may not complain of an error by which he is not prejudiced.

*Daniel and Peters* for plaintiffs; *Apperson and Han-son* for defendant.

9bm198
f135 186

CASE.

*Case* 51.

*January* 22.

Case stated.