Judge Gbaham
delivered the opinion of the Court
On the 27th September, 1848, a note -was executed' by the defendants payable to Bourne or order for one hundred and twelve dollars, to be paid on the 25th December following. After its maturity an action of debt was brought upon it in the name of Bourne “for the use of himself and his1 partner in his business, S. H. Moseby, who sues for the benefit of Price & Gowan.” The defendants filed a plea ofiset-off, in which they set up two notes for fifty dollars each, dated 11th of March, 1845, one due at one year and the other at three years from said date. That these notes were by the payee-, Colglazer, assigned to Ford, and by Ford to the defendants in June 1848. They also charge a further indebtedness from Bourne to them for goods, &c., to the amount of $100, &c., and these several sums being due and unpaid, they offer to set-off, &c. To this plea the plaintiff filed a replication, which, in substance, alleges that Bourne & Moseby were partners in the business of cabinet work; that the defendants purchased from said firm cabinet work, commonly called household furniture, the property of the firm, which at the time of the purchase, sale, and delivery thereof, was known, by *493 the defendants to be the property of said firm, but by their contrivance, the note sued upon, was made payable to Bourne alone instead of being executed to the firm ; that the plaintiff was ignorant of this fact until two months afterwards, when, after it had been passed to Price & Gowan in payment of a debt due to them from the firm of Bourne & Moseby, he discovered it was made payable to himself alone. To this replication the defendants demurred, and the Court having sustained the demurrer, the plaintiff has brought the case to this Court for revision.
A note was made’ payable to one of a firm for partnership property of the firm, and’ passed to a creditor of the firm, for whose benefit' the suit was brought. Set-off plead of notes given by the payee of the nole for his individual debt, and replication, setting out the fact that the note was by fraud or mistake made payable to-one of the firm when it was given for partnership properly, & should have been to Ihefirm: Held that the replicsation was a valid answer to the plea on demurrer.
*493 The plaintiff's declaration omits a formal averment of promise, &c., but is, we think, sufficient in substance. The decision of the case must, therefore, turn upon the question of the sufficiency of the replication to the plea of set-off. If this note had been made payable to Bourne & Moseby, it could not, and we suppose would not, be insisted that the separate demands of the defendants subsisting against one only of the firm, could at law be plead as sets-off against the debt due to the firm. We need not cite authorities to sustain this proposition. But as the note is made payable to Bourne, and not to the firm, and the set-off, as plead, would be a good bar against him, in the absence of other facts, to avoid the off-set, are the facts relied on in the replication sufficient to avoid the effect of the plea?
It has heretofore been decided by this Court that in such case the plaintiff may reply that he is not the party beneficially interested in the demand in suit, and that others, for whose use the action was prosecuted, had an interest and equity in. the demand for which suit was brought prior in time to the accrual of the demand plead as a set-off: (1 Marsh. 487; 3 Mon. 19.) In the case now before us it seems from the plea that the sets-off, or at least the notes plead, were the property of the plaintiff and accrued to him before the date of the note in suit, and if the debt, at the date or execution of the note, had been in fact the property of Bourne only, we suppose that no subsequent arrangement made by him, could have defeated their Tight to *494 the set-off plead. Such, however, fs not the state of fact presented by the replication. On the contrary it is expressly averred that the property (the sale of which constituted the consideration of the note) was the property of the firm of Bourne & Moseby, and that fact was known to the defendants, who, nevertheless, by their contrivance made the note payable to Bourne, who was. ignorant of the manner in which the note was drawn until after it had been passed as a payment on a debt due to Price & Gowan, creditors of the firm of Bourne & Moseby.
One partner cannot without the consent of another appropriate the partnership property to his individual purposes: (16 Johnson Hep. 34: 9 B. Mon, 196.)
B. &(■ A. Monroe for plaintiffs; Hewett for defendants.
Suppose Bourne had not been ignorant, as he alleges, could he, without the consent of his partner, have used the firm property to pay his individual debt? It has been settled that one partner cannot without the consent of his co-partner thus appropriate the partnership effects: (Dob vs Holsey, 16 Johnson's R. 34; 9 B. Mon. 196.) The case now before us is stronger for the plaintiff than the one referred to from New York. Here there was neither an attempt or intention by Bourne to pay his individual debts by the appropriation of the firm effects. It may be said, and truly said, that it is somewhat singular he should not have known to whom the note was made payable; but it is equally remarkable that the defendants should have held in their hands demands amply sufficient to pay for the furniture bought by them, and yet withhold their demands and execute their note for the amount of their purchase. We will not, however, comment further on these suggestions. In any view which we have been able to take of the facts set forth in the replication, and which by the demurrer are assumed to be true, it seems to us that they were sufficient to avoid the plea, and that the demurrer to the replication ought to have been overruled.
The judgment of the Circuit Court is, therefore, reversed, and the cause remanded to that Court with directions to set aside the judgment, overrule the demurrer, and for other and further proceedings not inconsistent with this opinion.