## WIEGEL *v.* BOONE.

Opinion delivered June 26, 1897.

CONTRACT—RESCISSION—DAMAGES.—Where a contract for the digging of a well provides for a stipulated price, one-third to be paid as the work progresses and the balance on its completion, and, after the work is begun, the party for whom it is being done refuses to pay one-third as the work progresses, the contractor may treat the contract as rescinded, and recover for so much as is already dug at the rate of the contract price for the work done and materials furnished. (Page 230.)

Appeal from Pulaski Circuit Court, First Division.

ROBERT J. LEA, Judge.

*S. R. Cockrill* and *Ashley Cockrill*, for appellant.

The failure to pay the one-third cash as it became due was not such a breach of contract as to authorize the plaintiffs to abandon the contract and sue for a breach thereof. 44 Cal. 18; 54 *id.* 605; 18 Ill. 219; 63 Cal. 196, 205; 33 Ill. App. 583; 18 Ill. 223; 28 *id.* 223; 31 Pac. Rep. 4; 13 How. (U.

S.) 307; 9 App. Cas. 434; L. R. 8 Q. B. 14. Even if defend-
ant's refusal to pay as the work progressed justified the plain-
tiffs in abandoning the work, they could not, in a suit upon the
express contract, recover upon an implied contract to pay for the
labor done. 54 Cal. 605; 54 N. W. Rep. 365; 5 Ark. 658;
33 *id.* 755; 42 Mich. 100; 5 *id.* 449; 14 *id.* 172; 79 *id.* 607.
The court erred in admitting evidence of the market value of
the work done, and in instructing the jury that the market
value of the work was plaintiffs' measure of damage. 2 Suth.
Dam. § 713, p. 1624; 3 Ark. 324; 52 *id.* 117; 7 Wend. 121;
115 Ill. 230; 93 Ala. 621; 21 Ill. 654; 20 *id.* 189; 23 *id.* 370;
78 *id.* 440; 33 Ill. App. 48; 3 Greene (Iowa) 161; 5 Mich.
449; 11 Tex. 264; 21 *id.* 257; 15 Vt. 515; 36 Me. 92.

*W. J. Terry* and *Dan W. Jones & McCain,* for appellees.

As a general rule, a breach of contract by one party
absolves the other from a performance of its terms and condi-
tions. When such a breach occurs, the other party is at liberty
to rescind the agreement; and he may manifest such an inten-
tion in a variety of modes, one of which is by suing and recov-
ering damages sustained by the breach. 44 Ill. 385; 31 Pac.
Rep. 4; 33 Ark. 545; 52 *id.* 117; 3 *id.* 324; 3 Am. & Eng.
Enc. Law, p. 909, and note. Where there is a mutual contract
for successive acts to be performed, the refusal upon one side to
perform will justify the other party in treating the contract as
rescinded. 38 Ark. 174. See also 34 Minn. 39; 3 Am. &
Eng. Enc. Law, p. 904. The value of the work done was the
proper criterion of damages. 33 Ark. 755; 52 *id.* 117; 56 *id.*
37; 39 *id.* 280.

BATTLE, J. This is an action upon a contract, by which
W. H. Boone & Co. agreed with E. N. Wiegel to drill a well
four inches in diameter, and of a sufficient depth to furnish
8,000 gallons of water every twelve hours, unless requested by
Wiegel to suspend work before such depth or amount of water
was obtained; and Wiegel agreed to pay therefor at the rate of
$2.75 per lineal foot from top of casing to the bottom thereof,
one-third in money as the well progressed, and the other two-
thirds in brick after the completion of the well. Boone & Co.
entered upon the performance of their contract, and when they

had drilled the well to the depth of 125 feet demanded $75, which was not as much as one-third of the contract price for the work then performed, but Wiegel paid only $50, and said, according to the testimony of Boone & Co., that he would pay no more until the work was done, and, according to his own testimony, that he would make no further payment until he was satisfied that they could make a well of the capacity specified in their contract. Boone & Co., however, continued the work until the well was of the depth of 248 feet and eight inches, when they demanded one-third of the amount then earned according to the contract, and Wiegel refused to pay anything, and they quit work because of the refusal to pay one-third of the contract price as the work progressed. The market value of the work done was $2.75 per foot, the contract price therefor. Evidence was adduced at the trial in this action proving the foregoing facts, and tending to prove other facts, and presenting questions which were covered by instructions of the court and decided by the jury in the case, which we will not notice in this opinion. The question we will decide is, were Boone & Co. entitled to full pay for the labor performed and materials furnished by them, or to only one-third of the contract price of the same? The jury, under the instructions of the court, found that they were, and returned a verdict in their favor for $633.83, for which judgment was rendered.

When Wiegel stated that he would pay nothing for work done until the well was completed according to the contract, or he was satisfied that it would be, he did something more than a mere failure to make a payment according to his contract would amount to. He thereby declared his intention to rescind the contract. He refused to perform the contract according to its terms, and attempted to set up another in its place. Such a refusal did not, of course, amount to a rescission of the contract, because he could not do so without the consent of Boone & Co. He could have retracted his refusal at any time before Boone & Co. accepted it as a rescission, upon his failure to pay according to the terms of his contract. Until then it was evidence of a continued intention to refuse performance. When, however, he carried his declared intention partly into effect by the failure to pay the one-third of the contract price,

as he had agreed to do, and Boone & Co. refused to complete the well, and abandoned it, the rescission of the contract was made complete by the consent and acts of both parties, except for the purpose of furnishing Boone & Co. the right to recover the damages sustained by them in consequence of his renunciation and non-performance of the contract. The contract was then discharged by the acts of both parties, and Wiegel became responsible to Boone & Co. for all the damages occasioned by the non-performance, the measure of which was, at least, the contract price of the work done and materials furnished in the performance of the contract, less the amount paid, which was the amount sued for and recovered. *Withers* v. *Reynolds*, 2 B. & Ad. 882; *King* v. *Faist*, 161 Mass. 449; *Zuck* v. *McClure*, 98 Pa. St. 541; Anson, Contracts, *281, *285, *291, *293; 1 Beach, Contracts, §§ 409, 412.

Judgment affirmed.