## INGHAM LUMBER COMPANY *v.* INGERSOLL.

### Opinion delivered January 31, 1910.

1. PARTIES—PARTNERSHIP CONTRACT.—In a suit upon a contract made by a firm, all of the partners have an interest in the subject-matter and are necessary parties. (Page 450.)

2. PARTNERSHIP—RIGHT OF PARTNER TO DISMISS ACTION.—Where the members of a partnership joined in a suit upon a partnership claim, it is not an abuse of discretion to refuse to dismiss the action at the instance of one of the partners and against the objection of the other partner, unless it is shown that the prosecution of the suit would result injuriously to the former; and, in the event that it might do so, the suit will be allowed to proceed, upon indemnity being furnished if demanded. (Page 450.)

3. SAME—REDUCTION OF CLAIM.—In an action by a partnership to enforce a claim in favor of the firm, the debtor cannot have the amount of the debt reduced by the amount of the share of one of the partners who was willing to dismiss the action. (Page 451.)

4. CONTRACTS—BREACH—DEFENSE.—A party to a contract may not excuse his failure to perform it by showing the stringency of the money market where the contract did not provide for a release in such a contingency. (Page 452.)

5. CONTRACTS—ENFORCEMENT.—Under a contract whereby defendant employed plaintiffs to cut and manufacture timber to be paid for as manufactured, no definite time being fixed, the plaintiffs had a right to proceed with the cutting and manufacture of the timber into lumber continuously and to complete it within a reasonable time. (Page 452.)

6. SAME—RESCISSION.—Where, within the life of a contract and through no fault of the plaintiffs, the defendant stopped them from work and declared that it would not perform its part of the contract, the plaintiffs were released from any further performance of the contract, and entitled to recover all damages sustained by the breach. (Page 453.)

7. DAMAGES—BREACH OF CONTRACT.—The measure of damages caused by defendant's failure to perform its agreement to pay for timber to be manufactured by plaintiffs is the difference between the contract price and the cost of doing the work. (Page 453.)

8. EVIDENCE—DAMAGES FOR BREACH OF CONTRACT.—Where plaintiffs were sued for damages caused by defendant's refusal to perform its agreement to pay for timber to be cut and manufactured by plaintiffs, it was not error to permit a witness to prove what it cost to cut timber and manufacture it into lumber. (Page 453.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge, affirmed.

*J. I. Alley,* for appellant.

1. One partner may sue in the name of himself and co-partners without their consent; but if he does against their consent, he must indemnify them against costs. Lindley on Partnership, p. 473; 30 Cyc. 565 and cases cited.

2. If there was no fraud, Cobb had the right to dismiss the cause, as much so as Ingersoll had to bring it. Lindley on Part. p. 473.

3. Instruction 4 should have been given. The judgment represents the profits, and the profits belong equally to the two partners.

4. Instruction 2 should have been given, for the burden was on plaintiff to show that defendant rescinded the contract, or rendered its performance impossible.

5. A financial crisis is not the act of God, which always excuses, but it was inevitable and irresistible, and it did not excuse defendant from living up to its contract, still it was a good and sufficient excuse. Defendant acted in good faith and not for the purpose of cancelling the contract, and should not be held liable. 7 A. & E. Enc. Law (2 ed.), p. 147 and cases cited; 30 L. R. A. 33; 7 A. & E. Enc. Law (2 ed.), pp. 147-8-9-150-1-2, etc.

*Pole McPhetrige* and *J. S. Lake,* for appellees.

1. As a general rule, one partner, acting within the scope of the partnership business, will bind his co-partners, but there are exceptions. 66 Ark. 448; 30 Cyc. p. 501, note 61; 1 Bates on Part. § 383.

2. Where one party makes a breach of contract, the other party may consider the contract rescinded and sue for the breach. No error in instructions 3 and 4. 80 Ark. 228.

3. If the obligee shall do anything to obstruct or prevent the obligor from performing a contract, the obligor is discharged, the contract is legally performed, and he may demand

performance.   27 Ark. 65; 67 Ark. 156; 64 Ark. 228; 38 Ark. 174.   Mere difficulties do not excuse.   61 Ark. 315; 2 Pars. on Cont. (2 ed.), p. 672.

4.   Partners have an equitable lien upon partnership assets for the liquidation of the firm's liabilities.   We find no error in the court's charge.

5.   If the admission of Stevenson's evidence was error, it was invited.   87 Ark. 17.

FRAUENTHAL, J.   This was an action instituted by Ingersoll & Company, the plaintiffs below, against the Ingham Lumber Company, to recover damages for an alleged breach of contract. On September 16, 1907, the parties entered into a written contract whereby the defendant employed the plaintiffs to cut and manufacture into lumber all the timber on about 880 acres of land owned by the defendant, and agreed to pay certain named prices for the different grades of lumber so manufactured by the plaintiffs.   The defendant furnished the mill for sawing the timber, and the plaintiffs made all their preparations for performing the contract on their part, and at once began the work thereunder.   They continued actively to cut the timber and manufacture the lumber until November 1, 1907, when they had manufactured lumber to an amount variously estimated from 400,000 to 800,000 feet.   On November 1, 1907, the manager of defendant notified the plaintiffs to stop cutting the timber and manufacturing the lumber on account of the stringency of the money market, due to what was called a financial panic.   The plaintiffs claimed that they had been at great expense in making preparations in beginning the work, and objected to stopping the work under the contract.   About the 8th of November, 1907, the manager of defendant demanded of the plaintiffs that they stop the work, and declared that, if they did not do so, the defendant would stop them with the aid of officers.   The plaintiff then stopped the work, and proceeded no further under the contract.   At that time there was timber standing on the land which was variously estimated to be of the amount of from 400,000 to 1,200,000 feet.   The plaintiffs were a partnership, composed of J. W. Ingersoll and J. H. Cobb, and the firm business was actively managed by said Ingersoll.   On February 21, 1908, the plaintiffs instituted this suit, and on April 8, 1908, the said J. H.

Cobb appeared before the clerk of the court in vacation and filed a written statement dismissing the suit at the plaintiff's cost. Thereafter, at the April term of the court, the said J. W. Ingersoll filed a motion to reinstate the suit. In this motion he stated that he had the entire management of the partnership business, and that Cobb had only a nominal interest therein, and had advised and consented to the institution of the suit, that thereafter he had conspired and colluded with the defendant to defraud the said Ingersoll by dismissing the action. The motion was supported by affidavits, and resisted by the defendant. After hearing the motion, the court reinstated the suit. To this action of the court the said J. H. Cobb made no objection, and saved no exception, and does not in this court enter any complaint. The lower court was not asked to require the said Ingersoll to indemnify said Cobb against any cost, or to permit the said Cobb to withdraw from the suit as a party plaintiff or to be made a party defendant. Thereupon the defendant filed its answer; and upon a trial of the cause a verdict was returned in favor of plaintiffs for $290 damages. The defendant prosecutes this appeal.

It is urged by the defendant that the court erred in not permitting the plaintiff J. H. Cobb to dismiss the suit and in ordering the action to be reinstated on the motion of the plaintiff J. W. Ingersoll. The claim herein sued on grew out of a contract made with the partnership, and therefore was a partnership asset. All the partners had an interest in the subject-matter of the suit, and accordingly were proper and necessary parties to the action. Kirby's Digest, § 6005; 5 Ency. Pleading & Practice, 854; 30 Cyc. 561; *Summers* v. *Heard,* 66 Ark. 550; *Hot Springs Rd. Co.* v. *Tyler,* 36 Ark. 205; *Matthews* v. *Paine,* 47 Ark. 54; *Coleman* v. *Fisher,* 67 Ark. 27.

The partnership contract was a joint contract, and therefore all partners at the time the contract was made were jointly interested therein. According to the common law procedure, where one of the several owners of a joint interest refused to join as plaintiff, the other owners were permitted to use his name as a co-plaintiff. *Gray* v. *Wilson,* Meigs (Tenn.), 394; *Sweigart* v. *Berk,* 8 Serg. & R. (Pa.) 308. One of two or more co-plaintiffs has no right to dismiss an action against the objection of

the others unless it can be shown that the prosecution of the suit would result injuriously to him. In the event he 'might be injured by the prosecution of the suit, upon his being indemnified against loss, the court will permit the action to proceed. Where one partner is unwilling to join in a suit to enforce a partnership claim, the other co-partners have a right to use his name upon indemnifying him against loss, if indemnity is demanded. 5 Ency. Plead. & Prac. 856. And in its sound discretion the court has a right to prevent the dismissial of a suit by one partner where it appears that the dismissal will result in an injury to the other partners. 1 Bates on Partnership, § 383; 14 Cyc. 399; *Cunningham* v. *Carpenter,* 10 Ala. 109; *Loring* v. *Brackett,* 3 Pick. (Mass.) 403; *Daniel* v *Daniel,* 9 B. Mon. 195.

By our Code (Kirby's Digest, § 6007) it is provided that: "Of the parties to the action, those who are united in interest must be joined as plaintiffs; but when, for any cause, it may be necessary for the purpose of justice, a person who should have been joined as plaintiff may be made defendant, the reason therefor being stated in the complaint." Under this provision, where a partner refuses to join in an action to recover a claim of the firm, he may be made a party defendant. 5 Ency. Plead. & Prac. 856.

In the case at bar the claim sued on was founded upon a contract made with the partnership, and all the partners joined in the institution of the suit. Thereafter, one of the partners sought to dismiss the suit to the injury of the other partner. It was claimed by the other partner that he conspired wrongfully with the defendant to defeat him of his rights. Upon the hearing the court refused to dismiss the action. The unwilling partner did not except to the ruling of the court. He did not ask to be indemnified against cost or loss. The defendant now is the only party who complains of this action of the court. We do not think that the court abused its discretion or erred in reinstating the cause.

It is urged by the defendant that because one of the partners made no claim for damages the amount of the recovery should be reduced by the amount of the interest of said partner in the firm. But the claim sued on was an asset of the partnership, and the interest of one of the partners therein could only be ascer-

tained after an adjustment of the partnership business. No partner has a certain and definite interest therein; and neither partner had the right to recover separately his share of the claim or to have his share deducted therefrom. As is said in the case of *Vinal* v. *West Va. Oil & Oil Land Co.,* 110 U. S. 215: "One partner cannot recover his share of a debt due to the partnership in an action at law, prosecuted in his own name alone against the debtor." And likewise in an action by the partnership the debtor cannot have the amount of the debt reduced by the amount of the share of any of the partners. *Summers* v. *Heard,* 66 Ark. 559.

It is urged by the defendant that if it stopped the plaintiffs from continuing the work because the defendant "could not get money into the country with which to pay for the work," this would not be a breach of the contract. But the written contract did not provide for a release of the defendant from liability upon such a contingency. The rights of the parties must be measured by the contract which they themselves made. A contract is not invalid, nor is the obligor therein in any manner discharged from its binding effect, because it turns out to be difficult or burdensome to perform. A valid contract cannot be abrogated or modified unless both parties assent thereto; and if one of the parties manifests in unequivocal language his intention not to perform the contract unless it is modified, he breaches the contract. He may not be compelled to perform the undertaking, but he cannot, on account of the hardship of the undertaking, relieve himself from the liability incurred by the contract. As is said in the case of *Johnson* v. *Bryant,* 61 Ark. 315: "Inconvenience or the cost of compliance, though they might make compliance a hardship, cannot excuse a party from the performance of an absolute and unqaulified undertaking to do a thing that is possible and lawful. Parties *sui juris* bind themselves by their lawful contracts, and courts cannot alter them because they work a hardship." *Cassady* v. *Clark,* 7 Ark. 123; *Jones* v. *Anderson,* 82 Ala. 302; 3 Paige on Contracts, § 1440. The defendant on account of the stringency of financial affairs had no right, against the objection of the plaintiffs, to renounce or to modify the contract. Under the contract the plaintiffs had a right to proceed with the cutting and manufacture of the timber into lumber; and they had a right, where no definite time was fixed in the con-

tract, to proceed with the work continuously and to complete it within a reasonable time. *Liston* v. *Chapman & Dewey Land Co.*, 77 Ark. 116.

When, within the life of the contract and through no fault of plaintiffs, the defendant stopped them from work, and thus declared that it would not perform its part of the contract, it then renounced the contract and released the plaintiffs from any further offer to perform on their part. The defendant by this action and words breached the contract and thereby became liable for all damages which the plaintiffs sustained by such breach. 3 Paige on Contracts, § 1431; 9 Cyc. 641; *Lewis* v. *Boskins,* 27 Ark. 65; *Eastern Ark. Hedge Fence Co.* v. *Tanner,* 67 Ark. 156; *Ward* v. *Kadel,* 38 Ark. 174; *Wiegel* v. *Boone,* 64 Ark. 228.

The rulings of the lower court in giving and refusing to give instructions were in conformity with the above principles. We do not deem it necessary to set out these instructions in detail; and we do not find that the court committed any error in its rulings thereon.

Objection was made to certain testimony given by the witness W. W. Stevenson relative to the amount which it cost him to cut timber and manufacture it into lumber; and it is now urged that it was error to admit the introduction of that testimony. This witness had done this kind of work at the same place and under circumstances similar to those which surrounded the plaintiffs in doing the same work. The measure of the damages which plaintiffs were entitled to recover was the difference between the contract price and the cost of doing this work. This testimony tended to prove the cost of doing this work, and it was therefore not error to admit its introduction.

The defendant does not claim that the amount of the recovery is excessive. We have examined carefully the evidence and the instructions in this case, and we do not find that any reversible error was committed by the lower court in the trial of the cause.

The judgment is affirmed.