## LASER v. FORBES.

### Opinion delivered October 21, 1912.

1. PLEADING—AMENDMENT—WAIVER OF OBJECTION.—Where plaintiff filed an amended complaint, setting up a new cause of action, the effect of such amendment was the institution of a new suit; and where the defendant filed answer thereto without objecting to the amendment, he will be held to have waived the right to object thereto. (Page 168.)

2. SALE OF LAND—BREACH OF CONTRACT—RESCISSION.—Where defendant, owning ten or more blocks of ground, sold two blocks to plaintiff, and agreed "to surface grade and lay sewer pipe in front of above property and build a four-foot cement sidewalk along the street line of said property, provided these improvements will be made as fast as 25 per per cent. of the moneys received from the sale of the property will pay for the same," the specified improvements were to be made not upon

the property owned by defendant, but upon the two blocks sold to plaintiff; and where defendant failed to make the improvements as required, plaintiff will be entitled to a rescission. (Page 171.)

3. SAME—RIGHTS OF PARTIES.—Where a purchaser who executed a note to his vendor for part of the purchase money sued to rescind and recover the purchase money paid, and the evidence shows that the note was past due and unpaid, but the vendor did not ask that same be set off, the note remained a binding obligation, unaffected by the judgment for plaintiff for the sum paid, including the note. (Page 172.)

Appeal from Garland Circuit Court; *Calvin T. Cotham*, Judge; affirmed.

*S. W. Leslie,* for appellant.

In 95 Ark. 580 it was held that appellee could not recover the price paid on the blocks and hold the blocks too, but only the damages sustained. No approximate amount of damages to the $1,500 awarded was shown, nor the lots proved to be worthless. No damages were shown, and the findings of the court are totally unsupported by any evidence.

*H. H. Myers* and *C. Floyd Huff,* for appellee.

Plaintiff amended his complaint and prayed to rescind on remand of this cause. 95 Ark. 580. The failure of one party to comply with a contract releases the other. 60 Ark. 320; 64 *Id.* 228; 67 *Id.* 156. Refusal or neglect to perform his part by one justifies the other in treating the contract as rescinded. 22 Ark. 258; 38 *Id.* 174.

KIRBY, J. This is an action which was originally instituted to recover damages for the alleged breach of a contract entered into by defendant whereby he had agreed to sell to plaintiff certain land in an addition to the city of Hot Springs and to make certain improvements thereon. A trial was had upon this action, resulting in a judgment in favor of plaintiff for damages, amounting to the purchase money which he had paid on the contract. The case was appealed to this court, and the judgment reversed on the ground that the measure of damages to which plaintiff was entitled upon the cause of action he had instituted was not the amount of the purchase money he had paid, but the amount of the actual damages which he had sustained by reason of the alleged breach of the contract. The basis of that decision was that

the action was not founded on allegations that by reason of said breach the contract had been rescinded, but only that defendant had committed a breach resulting in the damage for which a recovery was sought, and thereby recognizing the continued existence of the contract, instead of its rescission. The case was remanded for a new trial, and thereupon plaintiff filed an amended complaint in which in effect he based his cause of action upon allegations that the defendant had committed a breach of a material provision of said contract, thereby entitling him to rescind same, which he did, and then tendered for cancellation said contract; and therein he sought a recovery of the purchase money he had paid thereon.

Without making any objection to this amendment to the complaint, the defendant filed an answer and joined issue on the cause of action thus brought. The effect of this amendment was to change the cause of action, and was in effect the institution of a new suit. The defendant, by filing answer thereto without objection, has in effect entered his appearance to that suit, and by joining issue upon the merits has waived any right to raise any objection in this court to the new cause of action thus brought. In his answer the defendant did not plead that the plaintiff, by instituting a suit for damages growing out of the alleged breach of the contract, thus elected to treat the contract in full force, and was estopped thereafter from asking for its rescission. On the contrary, he joined issue on the allegations in the amended complaint seeking the rescission of the contract. *Kansas City Southern Ry. Co.* v. *Tonn*, 102 Ark. 20.

Upon the second trial, the case was submitted to the court sitting as a jury, who made a finding that the defendant had committed a breach of the contract entitling the plaintiff to its rescission, and rendered judgment in favor of plaintiff for the amount of purchase money which he had paid on the contract.

It appears from the testimony that the defendant was the owner of a tract of acreage land which he subdivided into lots and blocks as an addition to the city of Hot Springs. It was known as Central Avenue Park Addition, and consisted of ten or more blocks. In January, 1908, the parties entered into a written contract, whereby defendant agreed to sell to

plaintiff two of these blocks for the price of $6,900, of which the plaintiff then paid in cash $340, and agreed to pay the balance in monthly installments of $170 each,   The contract described the two blocks which defendant had agreed to sell to plaintiff, and contained, amongst others, the following provision: "First party (defendant) agrees to surface grade and lay sewer pipe in front of above property and build a four-foot cement sidewalk along the street line of said property, provided, these improvements will be made as fast as 25 per cent. of the moneys received from the sale of the property will pay for the same." Thereupon plaintiff made payment of seven monthly installments as they matured, five of which he paid in cash and two by the execution of a note. After paying the seventh installment, maturing in August, 1908, the plaintiff claimed that defendant had failed and refused to make the improvements mentioned in the above provision upon the two blocks set out in the contract, and thereupon he claimed the right to and did rescind the contract, and tendered back the same for cancellation.

It appears from the testimony adduced upon the part of the defendant that he had received from the plaintiff $1,530 in said moneys and note up to August, 1908, and from other sources sufficient to make a total of $1,655. Of this he had spent $766 for improvements then made upon other property in the addition, but no sidewalks, grading or other improvements were made on the line of or in front of the two blocks mentioned in the contract. The improvements made by defendant consisted of some surface grading, street grading and like improvements made upon portions of the addition at some distance from these two blocks. The defendant claimed that this was a full compliance with the obligation of the above provision of the contract, and for this reason he was not required to and did not make the improvements upon the two blocks described in the contract. His counsel now urges this contention upon the ground that the entire addition had been laid out from acreage property into lots and blocks, which defendant contemplated selling to various purchasers with like terms and like provisions as was contained in the contract made with plaintiff, and by the above provision it was contemplated that the improvements therein named

were to be made in any part of the addition until finally the whole addition would secure all these improvements when all the lots were sold and payments made thereon. In his brief, counsel for defendant suggests that the construction of this provision is in effect the sole question involved in this case upon the determination of which this decision must rest, and in this we think he is correct.

The circuit court made findings of fact in accordance with the above testimony, and declared as a matter of law that, in order to comply with the provision of the contract for the expenditure of 25 per cent. of the moneys received, "the improvements must have been made in surface grading, sewer and sidewalks on the land immediately in front of and abutting the property purchased by the plaintiff," and that it was not a compliance with the terms of said contract to expend 25 per cent. of the moneys so received in making similar improvements on portions of the addition not immediately in front of and abutting the property purchased by the plaintiff. This, we think, is a proper construction of the above provision of the contract.

The contract is a separate one, disconnected with any other sale that the defendant made or will make of any other lot in the addition. The contract makes no reference to any other property in the addition or to other proposed sales thereof, but specifically provides that to the extent of 25 per cent. of the payments made by plaintiff surface grading should be made and sewer pipes laid "in front of" the blocks described in the contract, and that a cement sidewalk should be built along "the street line of said property." The plain meaning of this language of this provision of the contract is that these improvements shall be made in effect upon the property described in the contract out of the purchase money paid thereon. Any other construction thereof would simply alter and vary this plain meaning of this language of the contract. The amount received from plaintiff on the contract up to the time he claimed a rescission amounted to $1,530, 25 per cent. of which was sufficient to pay for the character of improvements named in the above provision upon this property. But defendant not only failed to make any of these improvements upon this property, but refused to do so, claiming and as-

serting the right to expend the moneys thus collected from plaintiff for improvements made upon other property in the addition. This he had no right to do, and by so doing he not only violated the obligation he assumed by the terms of this provision of the contract, but evinced an intention not to comply therewith. This was a breach upon his part of this provision of the contract, which we think is a material part of it. In the contract there were mutual obligations which were assumed by both parties. The promises therein made by one were the consideration for the promises made by the other; and the failure or refusal by one to fulfill his promises justified a rescission of the contract by the other.

The principle is thus formulated in the case of *Missouri Pacific Ry. Co.* v. *Yarnell,* 65 Ark. 320: "The obligations of the contract were mutual; and if the appellee failed to comply with it, he could not hold the appellant to a compliance. This is too plain to require argument or authorities. The failure of one party to a contract to comply with its terms releases the other party from compliance with it." The same principle has been announced or approved in the following cases: *Weigel* v. *Boone,* 64 Ark. 228; *Eastern Arkansas Hedge Fence Co.* v. *Tanner,* 67 Ark. 156; *Harris* v. *Wheeler Lumber Co.,* 88 Ark. 491; *Jno. A. Gauger & Co.* v. *Sawyer & Austin Co.,* 88 Ark. 422; *Berman* v. *Shelby,* 93 Ark. 472.

In the case at bar, the contract was entirely executory, and the plaintiff had never been put in actual possession of the land agreed to be sold. After the breach upon the part of the defendant of this material provision of the contract, he claimed a right to rescind, and subsequently tendered the contract for cancellation and surrendered every right that he might have therein. By such action the parties can be placed *in statu quo,* the defendant retaining all title to the land and the plaintiff receiving the moneys he has paid thereon. Under these circumstances, we are of opinion that the breach by defendant of this material provision of the contract entitled the plaintiff to rescind his purchase and to recover the money paid thereon as for money had and received. *Yeates* v. *Pryor,* 11 Ark. 58; *Bellows* v. *Cheek,* 20 Ark. 424; *Shultz* v. *Redondo Improvement Co.,* 156 Cal. 439; *Gray* v. *Immigration Co.,* 127 Iowa 560.

The lower court rendered a judgment in favor of plaintiff for $1,530, on the ground that this entire sum was paid by plaintiff upon the contract. It appears from the testimony, however, that $340 thereof was paid by a note which was given by the plaintiff. It does not appear whether this note has been negotiated by defendant or is still in his possession. The testimony in the case is that the note is past due and unpaid. If this note is still owned by the defendant, or was still owned by him at the institution of this suit, he has not in his answer asked for an allowance of it as a set-off. The note is a binding obligation, therefore, and is unaffected in its enforcement by the adjudication in this case.

We are of the opinion therefore that the court was right in the amount of the judgment which it rendered, and it is accordingly affirmed.