PARKER *v.* TWIST.

Opinion delivered November 14, 1921.

1. CONTRACT—BREACH—DEFENSE.—In an action by a landowner for breach of a contract to cut and slash the timber on certain land, it was not error to refuse to permit defendant to prove that, after the contract was made, certain persons notified defendant to discontinue cutting timber on some of the land described in the contract.

2. CONTRACT—BREACH—DEFENSE.—It was not error, in an action for breach of a contract to cut and slash all the timber on certain land, to refuse to permit defendant to prove that not more than half of the timber embraced in the contract had been cut and removed, and that there was enough timber left to more than pay for the cutting of the timber on all of the land.

3. EVIDENCE—HEARSAY.—Proof of a conversation between one of the defendants and a third person in plaintiff's absence is hearsay and inadmissible.

4. CONTRACT—BREACH—DAMAGES.—In an action by a landowner for breach of a contract to cut and slash the timber on certain land, it was not error to instruct the jury that the only question for their determination was what would be the reasonable cost of cutting and slashing the timber on the land.

5. EVIDENCE—COMPETENCY—RES INTER ALIOS.—In an action for breach of a contract to cut and remove all the timber from certain land, it was not admissible for defendant to prove a contract between defendant and a third person whereby the latter agreed to cut and remove the timber from the land for a certain consideration; plaintiff not being present when the contract was made nor bound by it.

6. CONTRACTS—BREACH—INSTRUCTION.—In an action by a landowner for breach of a contract to cut the timber from certain land, it was not error to refuse to submit to the jury the issue as to whether or not the plaintiff was owner of the land, and whether defendant was prevented from performing his contract by the interferences of third persons; there being no testimony that defendant's rights to cut the timber was challenged in such manner as to make it incumbent on plaintiff to offer assistance or protection.

Appeal from Crittenden Circuit Court, First Division; *S. V. Neely,* Special Judge; affirmed.

*Appellants pro se.*

Parker was prevented from carrying out his contract by the interference of third parties who claimed to own the land upon which he was cutting timber. Under such circumstances it was the duty of Twist, the owner, to relieve the situation. This he failed to do and his non-action amounted to a breach of the contract, relieving Parker from liability under his bond. 98 Ark. 160; 93 Ark. 447; 80 Ark. 228; 97 Ark. 522; 105 Ark. 421.

*Rudolph Isom,* for appellee.

The cases cited by appellants are not in point, as under those cases the contract was breached by a party to it. Here the plaintiffs took no such action. The statements as to ownership of the lands not being in plaintiff Twist came from outside sources—parties not involved in this suit. To avail themselves of the plea of breach of the contract by plaintiff, there must have occurred some ouster or some act emanating from the plaintiff indicating an ouster. 112 Ark. 607. The assertion of ownership by outsiders would not excuse defendant from complying with his contract.

WOOD, J. This is an action for damages brought by the appellee against the appellant Ben Parker, C. G. Barton and H. Fletcher to recover of Parker, the principal, and the others as sureties on his bond, for breach of contract. The appellee set up in substance that he was the owner of the land described in the contract, and that on the 22nd day of July, 1916, he entered into a contract with Parker whereby the appellee conveyed and sold to Parker all the merchantable timber upon the 240 acres of land with the privilege of removing the same until the first day of November, 1917; that Parker agreed that he would cut and slash all the timber upon the land "while the leaves were green if possible during the season of 1916 and not later than the year 1917;" that as a guaranty of the performance by Parker of his part of the contract C. G. Barton and H.

Fletcher joined with Parker in a bond of $1,000 conditioned that Parker would perform the contract. The appellee alleged a failure of performance on the part of Parker by which he had been damaged in the sum of $2,000. He prayed that he have judgment against Parker and the other appellants in the sum of $2,000 and against Parker in the sum of $1,000.

The appellants denied the allegations of the complaint, and they set up by way of an affirmative defense that, while Parker was complying with the terms of his contract, he was notified by one Max Levy and E. J. Badinelli to discontinue cutting on the lands described in the contract, they claiming to be the owners of the lands, and they forbade Parker from cutting on the same; that Parker notified the appellee of the demand made by Levy and Badinelli, and the appellee told him (Parker) to go ahead and cut the timber, but this Parker could not do in safety to himself, and therefore he discontinued operations on the lands. Parker made his answer a cross-complaint and asked judgment against the appellee in the sum of $600 and the sureties prayed that the complaint as to them be dismissed. Before the case went to trial Parker died, and thereafter as to his estate the case was revived and progressed in the name of his administratrix.

The appellants offered to introduce testimony to prove that Max Levy notified Parker to discontinue cutting timber on some of the land described in the contract; that Max Levy and E. J. Badinelli claimed to own these lands; that this fact was communicated to the agent of the appellee, and that nothing was done by appellee to relieve the situation; that at that time not more than one-half the timber embraced in the contract had been cut down and removed, and that there was enough timber left to more than pay for the cutting of the timber on all the lands embraced in the contract; that by reason of this notice to Parker he discontinued the cutting of the timber. Appellants also offered to prove that, in a conversation between Parker and a third

party when the appellee was not present, it was said that the cost of the cutting and slashing of the timber would not have amounted to the sum for which the jury returned a verdict and for which judgment was rendered against the appellants. The court excluded this testimony, and the appellants duly excepted.

The appellants requested the court to submit the issue to the jury as to whether or not the appellee was the owner of the lands and also the issue as to the cost of cutting and slashing the timber under the contract as shown by the offered testimony. The court refused these prayers, to which rulings the appellants objected and duly excepted.

The court, in instructions on its own motion, after defining the issues raised by the pleadings and the uncontroverted testimony, told the jury that the only question left for their determination was what would have been the reasonable cost of cutting and slashing the timber on the 320 acres of land in section 8 described in the contract during the year 1917? That the plaintiff was not asking a verdict against the estate in a sum exceeding $1,000, and that in no case could they find against the sureties in a greater sum than this with interest from January 1, 1918. The appellants duly excepted to the rulings of the court. The jury returned a verdict in favor of the appellee in the sum of $1,000. Judgment was entered in favor of the appellee for that sum, from which is this appeal.

There is no error in any of the rulings of the court. The appellants offered to prove by a certain witness that, after the contract herein involved was made, the witness entered into a contract with Parker to remove the timber, and appellants also offered to prove by this witness, and from the contract entered into between him and Parker, as to what would be the cost of cutting and removing the timber from the lands. The appellee was not present when the alleged contract was entered into between Parker and the witness, and there-

fore was not bound by any contract or conversation that Parker may have had with witness. The offered testimony was purely hearsay.

The court likewise ruled correctly in refusing to allow appellants to submit to the jury the issue as to whether or not the appellee was the owner of the lands described in the contract, and as to whether or not Parker was prevented from performing his contract by the interference of third parties or strangers to the contract. The testimony offered by the appellants did not tend to prove that they were ousted from the lands by the appellee, nor that appellee had done anything to obstruct them in the performance of the contract. There is no testimony tending to prove that the appellee was in any manner responsible for the acts of the third parties who claimed to own the lands. That appellants lent "a too diligent ear" to the claims of these parties, and voluntarily quit their work and abandoned their contract because of such claims is their own fault and not the fault of the appellee. Their right of possession under him had not been challenged by third parties in a manner to make it incumbent on the appellee to offer assistance or protection. Parker, therefore, when he abandoned his contract, violated the same, and he and his bondsmen are liable for the resultant damages. See *Ingham Lumber Co.* v. *Ingersoll,* 93 Ark. 447, and cases there cited.

Since there is no error, the judgment must be affirmed.