## REPUBLIC SUPPLY CO. v. COLBERT.
### No. 890.

Circuit Court of Appeals, Tenth Circuit.
April 16, 1934.

Jas. S. Twyford, of Oklahoma City, Okl. (Solon W. Smith, of Oklahoma City, Okl., on the brief), for appellant.

Toby Morris and Dudley B. Madden, both of Walters, Okl. (Walter Hubbell, of Walters, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

E. S. Colbert brought this action against the Republic Supply Company and W. B. Lyle. In the second amended petition Colbert alleged that he and Lyle were partners, doing business under the firm name of Colbert & Lyle, and that he was unable to obtain the consent of Lyle to prosecute this action. We set out the other material allegations in note 1.

The defendants demurred to the second amended petition. The second ground of the

---

Note 1. The second amended petition alleged: That on July 26, 1928, Colbert & Lyle were the owners of certain machinery, tools, equipment and apparatus, and were indebted to the Republic Company in the sum of $34,978.50, evidenced by two promissory notes for $20,778.50 and $14,200, respectively, executed by Colbert & Lyle; that for the purpose of securing such notes, Colbert & Lyle on that date executed and delivered to the Republic Company three chattel mortgages covering such property; that between the dates of July 26, 1928, and December 8, 1928, Colbert & Lyle became further indebted to the Republic Company in the sum of $13,708.55.

That about December 8, 1928, Colbert & Lyle, the Republic Company, and Carey & Mitchell entered into an oral contract whereby Colbert & Lyle agreed to sell to Carey & Mitchell four certain drilling rigs and all the machinery, tools, devices, and equipment used in connection therewith, hereinafter referred to as the mortgaged property, and whereby Carey & Mitchell agreed to pay therefor $35,000 to the Republic Company to be applied on the indebtedness of Colbert & Lyle, or to assume the indebtedness of Colbert & Lyle to the extent of $35,000, and whereby the Republic Company agreed to accept the assumption of such indebtedness by Carey & Mitchell and to credit Colbert & Lyle with the amount thereof.

That about December 12, 1928, the Republic Company, without the knowledge or consent of Colbert & Lyle, represented and pretended to Carey & Mitchell that it was in possession of such mortgaged property, and was authorized to lease, sell, or otherwise dispose thereof, and wrongfully and without right induced Carey & Mitchell to abandon such oral contract and to accept such mortgaged property from the Republic Company upon terms and conditions other than those theretofore agreed upon between Colbert & Lyle and Carey & Mitchell. That Colbert & Lyle did not learn of such disposition of such mortgaged property by the Republic Company until June 5, 1929.

That immediately after such wrongful disposition of such property by the Republic Company, it orally represented and pretended to Colbert & Lyle that the sale under such contract of novation had been consummated, that Carey & Mitchell had agreed to assume $35,000 of the indebtedness of Colbert & Lyle and that the Republic Company would immediately credit the indebtedness of Colbert & Lyle with $35,000.

It further alleged: "That * * * Republic * * * Company * * * wrongfully and without right treated all said (mortgaged) property * * * as its own, and wrongfully and without right undertook to deliver to and permitted * * * Carey & Mitchell to have and use said property * * * from the * * * 12th day of December, 1928, until the 20th day of December, 1930, when * * * Republic * * * Company, wrongfully and without right, undertook to sell and did sell, * * * to * * * Carey & Mitchell at private sale and without notice all said property, * * * for the sum of $30,000. * * * That by reason of said wrongful assertion of right to sell and dispose of said property, * * * and by further reason of its having undertaken to and made disposition of said properties to * * * Carey & Mitchell, for use for more than two years * * * and by further reason of it having sold at private sale all said property * * * to said firm of Carey & Mitchell, said * * * Republic * * * Company, became and is indebted to * * * Colbert & Lyle in the sum of $35,000.00."

It further alleged that on May 31, 1929, Colbert & Lyle paid the Republic Company $17,000, of which $13,798.55 was applied on the open account and $3,391.45 was applied upon such notes; that after such payments there was still owing by Colbert & Lyle to the Republic Company "the sum of $31,587.05 and that, * * * Colbert & Lyle were entitled to a credit of $35,000.00 then owing from * * * Republic * * * Company, to * * * Colbert & Lyle, for said property by said Republic * * * Company so wrongfully and without right by it taken and used as aforesaid."

It further alleged that the Republic Company had failed and refused to credit the indebtedness of Colbert & Lyle with the amount of $35,000, no. withstanding re-

demurrer was that the cause of action, if any pleaded, was in favor of the partnership of Colbert & Lyle, and that Lyle was an indispensable party plaintiff. The third ground of the demurrer was that the alleged cause of action was barred by paragraph 3, § 185, C. O. S. 1921. The demurrer was overruled.

The Republic Company then filed an answer in which it reiterated the several grounds stated in the demurrer, and alleged that the sale of the mortgaged property made by it was with the authority and consent of Colbert & Lyle, and in accordance with the laws of the state of Texas, where the sale took place.

Lyle filed an answer in which he set up that the sale made by the Republic Company was known to and acquiesced in by him as a member of the firm of Colbert & Lyle.

Thereafter the cause came on for trial before Judge Colin Neblett, sitting in the Eastern District of Oklahoma by assignment of the Senior Circuit Judge. Judge Neblett correctly held that he was bound by the ruling on the demurrer; and overruled the motion for a directed verdict and submitted the case to the jury. The jury returned a verdict in favor of Colbert for $2,560.85. Judgment was entered thereon, and the Republic Company has appealed.

■■ An obligation owing to a partnership is joint. Ingham Lumber Co. v. Ingersoll & Co., 93 Ark. 447, 125 S. W. 139, 20 Ann. Cas. 1102. At common law all of the partners must be joined as parties plaintiff in an action to enforce such an obligation. Ingham v. Ingersoll, supra. The common law rule however has been changed by section 220, C. O. S. 1921, which reads as follows:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

This statute authorized Colbert to make Lyle a party defendant, when he refused to join as a party plaintiff. See Walters v. Tulsa Rig, R. & M. Co., 113 Okl. 293, 241 P.

1095; Stinchcomb v. Patteson, 66 Okl. 80, 167 P. 619; Snodgrass v. Snodgrass, 107 Okl. 140, 231 P. 237, 243, 52 A. L. R. 1213; Modern Law of Partnership, Rowley, vol. II, § 796.

■ If the cause of action set up in the second amended petition was for conversion, it was barred by paragraph 3, § 185, C. O. S. 1921, and the demurrer and motion for a directed verdict should have been sustained.

It will be noted that while the second amended petition set up an alleged contract of novation, it seeks no recovery for breach thereof. The allegations with respect to that contract are by way of inducement only.

The second amended petition alleged the value of the mortgaged property; that the Republic Company wrongfully and without right treated such property as its own and permitted Carey & Mitchell to use such mortgaged property from December 12, 1928, until December 20, 1930, and on the latter date wrongfully and without right undertook to sell such mortgaged property to Carey & Mitchell for $30,000. It further alleged:

"That by reason of said wrongful assertion of right to sell and dispose of said property * * * by further reason of it having undertaken to and made disposition of said properties to * * * Carey & Mitchell, for use for more than two years * * * and by further reason of it having sold at private sale all said property * * * to * * * Carey & Mitchell, said * * * Republic * * * Company became and is indebted to * * * Colbert & Lyle in the sum of $35,000.00."

It further alleged that Colbert & Lyle was entitled to a credit of $35,000.00 on its indebtedness to the Republic Company, not under such contract of novation, but "for said property by said Republic * * * Company so wrongfully and without right by it taken and used as aforesaid."

The prayer of the petition is for the recovery of the value of the mortgaged property on December 12, 1928, the date of the alleged conversion, less the amount due by the partnership to the Republic Company on that date.

---

peated demands therefor; and that such property was of the value of $35,000.

The prayer of the petition reads as follows: "Wherefore, Said plaintiff prays judgment against said defendant, Republic Supply Company, for the difference between the balance owing by said firm of Colbert & Lyle to said Republic Supply

Company on the 12th day of December, 1928, and the sum of $35,000.00, the value of said property belonging to said firm of Colbert & Lyle so wrongfully taken by said Republic Supply Company, to-wit: The sum of $3,412.95; for their costs herein expended and for other proper relief."

The second amended petition alleged no damages for breach of the contract of novation, and no damages for the alleged wrongful act of the Republic Company in inducing Carey & Mitchell to abandon the contract of novation, and it sought no recovery of any such damages. It alleged and sought recovery of damages only for the alleged wrongful disposition and sale of such mortgaged property by the Republic Company.

Furthermore, the uncontroverted evidence established that the contract of novation was subject to the express condition that Carey & Mitchell should secure certain drilling contracts; that Colbert had knowledge that it was subject to that express condition; that Carey & Mitchell did not secure such drilling contracts; and that the novation contract never became binding upon Carey & Mitchell.

We therefore conclude that the overruling of the demurrer and denial of the motion for a directed verdict was error.

The judgment is reversed and the cause remanded with instructions to sustain the demurrer to the second amended petition.