## MILLWOOD SANITATION & PARK CO., INC., et al. *v.*
## J.E. MATTINGLY and P.R. Prince

CA 07-134                                    264 S.W.3d 566

### Court of Appeals of Arkansas
### Opinion delivered October 3, 2007

*Vickery & Carroll, P.A.*, by: *Ian W. Vickery*; *Hurst, Morrissey & Hurst, PLLC*, by: *Travis J. Morrissey*, for appellants.

*Owen, Farnell & Garner*, by: *Ray Owen, Jr.* and *Lance B. Garner*, for appellees.

JOSEPHINE LINKER HART, Judge. Appellants are lot holders in the Millwood Subdivision of Hot Springs. They appeal from a decree of the Garland County Circuit Court that quieted title in Lot 10 of that subdivision in appellees J.E. Mattingly and P.R. Prince (now Mattingly) and concomitantly extinguished the appellants' right of common usage in the parcel. Appellees Mattingly and Prince acquired their interest in Lot 10 through a quitclaim deed pursuant to

a tax sale and by redemption deed issued by the State of Arkansas.[1] On appeal, the appellants argue that the trial court erred in ruling that the common-use restrictions granted to the other lot holders in the Millwood Subdivision were extinguished by the failure of the title-holder of record to pay taxes. We agree and reverse and remand.

On January 29, 1960, the survey and plat for the Millwood Subdivision, along with an amended Bill of Assurance, was filed for record in Garland County. The subdivision is located on Lake Hamilton in Hot Springs. Thirty lots were laid out on the plat. Twenty-nine were designated as residential lots and one, Lot 10, was designated "Park." Only Lot 10 and four other lots had direct access to Lake Hamilton. However, included in the Amended Bill of Assurance were two provisions that stated:

> 10. That the lot designated "Park," as shown on the attached amended plat, shall forever be restricted for the use and benefit of the owners of the lots and blocks of the residences of MILLWOOD SUBDIVISION as a picnic area and boat launching site and recreation area.

> 11. (a) The provisions as aforesaid shall run with and bind the land and shall inure to the benefit of and be enforceable by any owner of land included and shown on said amended plat, their respective legal representatives and assigns forever.

In 1964, the owners of Lot 10, W.D. Austin Smith and Dorothy Smith, deeded it to the Millwood Sanitation and Park Company, Inc. The Birchwood Bay Sewer Improvement District No. 20 acquired the lot by eminent domain. The improvement district subsequently constructed and maintained a sewage lift station on a portion of the lot.

Appellee J.E. Mattingly, a retired director of the Hot Springs Utility Company, had become familiar with Lot 10 in the course of his duties. He obtained a quitclaim deed from the Birchwood Sewer Improvement District when Lot 10 was auctioned off at a chancery court sale. The deed gave him ownership of the portion of Lot 10 that did not include the sewer treatment plant. Mattingly subsequently paid the back taxes from 1987 until 1994, and he received a redemption deed from the Arkansas Commissioner of

---

[1] We are not asked in this appeal to pass on the validity of either conveyance.

Lands in May 1996. He continued to pay the property taxes on Lot 10 from that time forward. Mattingly admitted in the hearing that he purchased Lot 10 without researching the bill of assurance, and he never disputed the validity of the recorded documents that pertained to the Millwood Subdivision.

On November 21, 2005, Mattingly and Prince filed a petition to quiet title in Lot 10. The appellants were named as respondents. After a hearing, the trial judge entered an order that quieted title in Mattingly and Prince, and "extinguished" the appellants' rights to use the property. The trial judge reasoned that the failure to pay taxes constituted an abandonment of the common-usage restrictions.

The appellants argue that the trial court erred in extinguishing the common-use restrictions regarding Lot 10 of the Millwood Subdivision based upon the failure to pay taxes. They assert that easements are not assessed and taxes are not paid on easements, and therefore, assuming that the tax sale was valid, the purchaser of the property at a tax sale acquires only the interest that was assessed and does not acquire the severed interest. Appellants concede that there is no Arkansas law directly on point, however they cite several cases from foreign jurisdictions, and they urge us to extrapolate from "principles" applied in "parallel situations." Citing *Huffman v. Henderson Co.*, 184 Ark. 278, 42 S.W.2d 221 (1931), appellants assert that severed timber or mineral interests are not included in a tax sale if the severance occurs prior to the assessment for taxation. Further, they cite *Powell v. Coggins*, 204 Ark. 739, 164 S.W.2d 891 (1942), for the proposition that if an interest in real estate is not subject to taxation, it cannot be lost as part of a tax deed pertaining to a separate interest in the same property. Appellants concede that the owners of real property are not excused from paying property taxes; they assert, however, that the common-use provisions and the associated easements should not be extinguished by the non-payment of taxes. We agree.

Quiet title actions have traditionally been reviewed de novo as equity actions. *City of Cabot v. Brians*, 93 Ark. App. 77, 216 S.W.3d 627 (2005). We will not reverse the trial judge's findings in such actions unless the findings are clearly erroneous. *See id.* However, a trial court's conclusions of law are given no deference on appeal. *Akins v. Mofield*, 355 Ark. 215, 132 S.W.3d 760 (2003).

An easement is defined to be "a liberty, privilege, or advantage, which one man may have in the lands of another without profit." *Schuman v. Stevenson*, 215 Ark. 102, 219 S.W.2d

429 (1949). Arkansas law has long recognized that restrictive covenants can create property interests that run with the land. *See, e.g., City of Little Rock v. Sun Building & Developing Co.*, 199 Ark. 333, 134 S.W.2d 582 (1939). The general rule is that a person who takes title to land with notice that it is subject to an agreement restricting its use will not be permitted to violate the restrictions. *See Rickman v. Mobbs*, 253 Ark. 969, 490 S.W.2d 129 (1973); *see also Harbour v. Northwest Land Co.*, 284 Ark. 286, 681 S.W.2d 384 (1984); *Moore v. Adams*, 200 Ark. 810, 141 S.W.2d 46 (1940). If a bill of assurance is properly filed for record, it must be enforced by the courts. *Dillingham v. Kahn*, 188 Ark. 759, 67 S.W.2d 735 (1934).

We find persuasive appellants' argument that the easement created in favor of the lot-holders in the Millwood Subdivision is in the nature of a severed interest that cannot be levied against and, therefore, cannot be extinguished in a tax sale. We therefore hold that the interest that appellees acquired is subject to the same bill of assurance that binds the others, replete with its benefits and liabilities. Accordingly, the trial court is reversed, and this case is remanded for entry of an order consistent with this opinion.

Reversed and remanded.

GRIFFEN and BIRD, JJ., agree.