NEW YORK,
May, 1825

JACKSON, *ex dem.* HOWELL AND OTHERS, *against* JOHN
AND MARY DELANCEY.

Jackson
v.
Delancey.

EJECTMENT for a lot of ground in the Bowery, city of
New York, tried before EDWARDS, C. Judge, at the New
York Circuit, July 1st, 1823.

John Deitz, being seised in fee of the premises in question, died, leaving the lessors of the plaintiff, his heirs at
law. During his lifetime, Deitz executed and delivered
to Abraham Buice, his son-in-law, a deed of the premises
in question, which, so far as it is material here, was thus:
"To all to whom these presents shall come, or may concern. Know ye, that I, John Deitz, of, &c. in consideration
of the *performances* hereinafter mentioned, have given,
granted, aliened, enfeoffed and confirmed; and, by these
presents, do give, grant, alien, enfeoff and confirm unto
my son-in-law, Abraham Buice, all my estate, real and
personal; and the reversion, &c. to have, &c. to the said,
Buice, his heirs, &c. Provided always, and upon this
special trust and confidence, nevertheless, and upon this
express condition, that he, the said Abraham Buice, his
heirs, executors, administrators and assigns, shall and do
permit and suffer me to be and remain in possession, and
to use and enjoy all and every my said estate, both real
and personal, during my natural life, without paying or
yielding anything therefor, or in respect thereof, and not
otherwise; and further, that from and after my decease,
the said Abraham Buice, his heirs, &c. shall well and truly
pay unto Frederick Howell £100, and also deliver unto
the said Frederick Howell two feather beds, and all my
wearing apparel; and further, that during my natural life,
the said Abraham Buice, his heirs, &c. shall and will find
and provide me with good meat and drink, washing and
lodging; and the said Abraham Buice is to occupy and
be in possession of my house, situate at the corner of
Eagle-street, for which he is to allow me £60 a year during

The widow
of a grantor of
land with warranty, he having died insolvent, is an admissible witness in support
of the title of
the grantee, on
being released
by him, and
without her
releasing her
interest in her
husband's personal estate.
The grantor
in a quit-claim
deed is a competent witness
in support of
the grantee's
title.
A pecuniary
consideration
is essential to
give effect to a
conveyance of
lands, as a bargain and sale
A conveyance,
expressed to
be in consideration of the future performance of certain
conditions, tho'
one of them be
to pay money,
is not valid as
a bargain and
sale.
A bargain
and sale of a
freehold to
vest *in futuro*
is void; though
otherwise, *it
seems*, of a covenant to stand
seised.

When a deed states a consideration, and does not say, for other considerations, none other than the one expressed can be shown.

A deed cannot operate as a covenant to stand seised, unless the consideration of blood or marriage be expressed on its face.

my natural life; and further, I am to assist the said Abraham Buice in repairing the buildings; and further, I do hereby promise that I will pay and discharge all debts and incumbrances on my said estate, except £345, which is to be paid out of my estate, for which I am to allow the said Abraham Buice interest after my debts are paid; and that from and after my decease, he, the said Abraham Buice, his heirs, &c. shall or lawfully may have, hold and enjoy the premises hereby given and granted, and every part, &c. and dispose thereof, and convert the same to his and their own proper use and behoof, &c.".

Abraham Buice and his wife, by deed of indenture, dated July 11th, 1803, conveyed the premises in question to Peter Crawbuck, with covenants of seisin and quiet enjoyment, a covenant against incumbrances, and for further assurance. Crawbuck conveyed to one of the defendants.

In the course of the trial, Margaret Buice, the widow of Abraham Buice, who had died since the execution of the deed to Crawbuck, was offered as a witness by the defendant, but objected to, on the ground of interest. The defendant thereupon, executed to her a general release, and especially a release of all claims by reason of her being a grantor in the deed from her husband. The objection was persisted in, on the ground that her interest consisted in a claim to a residuary share in her husband's personal estate. The defendant then proved that her husband died insolvent, and she was sworn.

Peter Crawbuck was also offered as a witness on the part of the defendant. He was objected to, as being the immediate grantor of Mary Delancey, one of the defendants; but it did not appear that the deed, by which he conveyed, contained any covenants, and he was sworn.

The defendant examined Margaret Buice, Peter Crawbuck, and other witnesses, to show that Buice had fulfilled the conditions in the deed from Deitz; that Buice intermarried with the grantor's daughter, and that the conveyance was judicious, under the circumstances of the case, &c.

Verdict for the plaintiff, subject to the opinion of the Court, on a case, with leave to turn it into a special verdict.

On the argument at the bar,

*A. Burr* and *L. Mitchell*, for the plaintiff, argued five different points which they made upon the case, among which were these *two :*

1. That the evidence of Mrs. Buice and Crawbuck should have been rejected.

2. That the deed from Deitz and Buice was void, both as a common law conveyance, and under the statute of uses ; because, *first*, there is no consideration, either of blood or money ; *secondly*, because it pretends to convey an estate of freehold to commence in future ; *thirdly*, because the subject of the conveyance was not sufficiently located or described.

To show that the deed from Deitz could not be valid as a covenant to stand seised, there being no consideration of blood expressed, or existing in fact, they cited *Johnson* v. *Florence*, (16 John. Rep. 47,) and the cases there cited ; *Jackson* v. *Cadwell*, (1 Cowen's Rep. 622 ;) Vin. Abr. *Uses*, (Z. *a*) pl. 8 ; Cruise's Dig. *Deed*, ch. 12, s. 20 ; *Jackson* v. *Sebring*, (16 John. Rep. 515 ;) *Wallis* v. *Wallis*, (4 Mass. Rep. 135.)

That no other consideration could be shown than what is expressed, *Maigley* v. *Hauer*, (7 John. Rep. 341 ;) *Schermerhorn* v. *Vanderheyden*, (1 John. Rep. 139 ;) *Howes* v. *Barker*, (3 id. 506.)

That an estate of freehold cannot be conveyed to commence *in futuro*, *Barwick's Case*, (5 Rep. 95, 3 res.) *Roe* v. *Tranmer*, (2 Wils. 75 ;) *Pray* v. *Pierce*, (7 Mass. Rep. 384.)

That the deed cannot take effect as a bargain and sale, for want of a pecuniary consideration, *Jackson* v. *Sebring*, (16 John. Rep. 515 ;) *Jackson* v. *Alexander*, (3 John. Rep. 488 ;) *Jackson* v. *Saunders*, (1 Cowen's Rep. 622 ;) there being no livery of seisin. (Shep. Touch. 209, 220. Litt. s. 59.)

As to the effect of the condition in the deed, they cited *Butler* v. *Lady Bray*, (Dy. 189, 190 ;) Shep. Touch. 219, 220.

*R. Bogardus*, and *J. O. Hoffman*, contra, insisted that

the testimony of Mrs. Buice and Crawbuck was admissible;
(*M'Donald* v. *Neilson*, 2 Cowen's Rep. 139,) and that the
deed in question was valid and effectual under the circum-
stances and facts in the case; and a bar to the lessors of
the plaintiff, who claim as heirs at law of the grantor.
They insisted that this was a conditional estate in fee, vest-
ing presently, and defeasible by condition subsequent. (2
Bl. Com. 154. Co. Litt. 201.) They never had contended
that this was a covenant to stand seised; because it want-
ed the consideration of blood upon the face of the deed;
but it was a bargain and sale, supported by a pecuniary
consideration. It is not necessary for the deed to say that
money *is* paid. That it *is to be* paid is enough. (Dy. 336,
*b.* 337, *a.*) Suppose the grant to be of a freehold to com-
mence *in futuro;* the conveyance is good under the sta-
tute of uses, and this has been so held, ever since the deci-
sion in *Jackson* v. *Dunsbagh*, (1 John. Cas. 91.) At page
96, this very case is put by Lewis, Ch. J. who delivered
the opinion of the Court. He says, " here is a conveyance
to the bargainee, to take effect at the decease of the bargain-
or, which creates a resulting use to the latter, during life,
with a vested use in remainder to the bargainee in fee, both
uses being served in succession out of the seisin of the bar-
gainor. An authority to this effect will be found in Saun-
ders on Uses and Trusts, 133, where it is said, that if a
man bargains and sells his lands after seven years, the
grant is good, and until it takes place the use results."
(Bac. on Uses, 63.)

The description is sufficiently certain. On the whole,
it refers to the lot as being in possession of Buice.

*Curia*, per SAVAGE, Ch. J.   In my opinion, the Judge
properly admitted the testimony of Mrs. Buice. Her inter-
est, if any, was extremely remote and contingent. Craw-
buck was properly admitted, if his conveyance was merely
a quit-claim; though otherwise, if he had warranted the title.
How the fact was, the case does not inform us; and it lay
with the plaintiff to show the warranty, if it existed.

But the important question is upon the validity of the
deed from Deitz to Buice. It cannot operate as a bargain
and sale for want of pecuniary consideration, (1 Cowen's

Rep. 622,) and if it cannot operate as a covenant to stand seised, it is void, because it purports to convey a freehold *in futuro*. (7 Mass. Rep. 384.) It certainly cannot operate as a covenant to stand seised, for want of the considerations of blood or marriage. It is settled, that where there is a consideration stated in a deed, and it is not said, for other considerations, you cannot enter into proof of any other; for that would be contrary to the deed. (7 John. Rep. 342.) The consideration stated in this deed is as follows: "in consideration of the *performances* hereinafter mentioned." Those *performances* were expressed by way of condition to this effect: 1. That the grantor should occupy and enjoy for life. 2. That after his death, Buice should pay Frederick Howell, £100, &c. 3. That Buice should find and provide for the grantor, meat, drink, &c. 4. That Buice should occupy one house, and pay £60. In consideration of performing these things, after the death of the grantor, Buice was to have an estate of inheritance.

The case then comes within the principle of *Jackson* v. *Florence*, (16 John. Rep. 47,) unless the stipulation, or rather condition, that £100 be paid to Howell, distinguishes it. In that case, the lessor was a blind and infirm old man, and the consideration was his support for life. Here Deitz was an old man, extremely intemperate, and the only pecuniary consideration is a condition to be performed after the grantor's death, until which event the estate is not to vest. There was no covenant whatever, on the part of Buice, to perform the conditions; and his going into possession of one house and lot cannot raise an implied agreement to perform them. He was to pay rent for the use of the house. It was, then, perfectly optional with him to perform the conditions, or not.

It was contended on the argument, that the conveyance was of a present estate absolutely, to be defeated by the non-performance of conditions subsequent. It is certain, however, that no estate passed till the death of the grantor. The support of the grantor must have been his inducement for making the deed. The grantee was under no obligation to afford such support, nor was he obligated to make

NEW YORK, May, 1825.

Jackson v. Delancey.

NEW YORK,  the payment. The deed, then, when executed, was ino-
May, 1825.   perative and void.

Farley            The premises in question are not designated by the deed,
v.          except under the general description of *all my estate.* Such
Cleveland.
a description has been adjudged insufficient in a sheriff's
deed; but the same considerations do not apply as between
individuals. On the whole, however, I am of opinion, that,
all other objections aside, the deed in question is inopera-
tive as a bargain and sale, for two reasons: 1. Because
there is no pecuniary consideration; and 2. because it pur-
ports to convey an estate in fee simple; to commence *in
futuro*, without any other less estate to support it.

Judgment for the plaintiff.