## GLEASON v. BOONE.

### Opinion delivered May 1, 1916.

1. NEW TRIAL—JUDGMENT ON CONSTRUCTIVE SERVICE—PRACTICE.—Where a judgment defendant, who has been constructively served, seeks a new trial under Kirby's Digest, § 6259, he can not have the judgment vacated on the motion; the judgment remains until the case is retried, to be then confirmed, modified or set aside.

2. NEW TRIAL—CONSTRUCTIVE SERVICE—SALES OF LAND—PRACTICE.— Where the suit in which the defendant was constructively served, was for the foreclosure of a mortgage, and pursuant to such foreclosure, the land was sold, the sale will not be set aside, upon the filing of a petition by the defendant for a new trial under Kirby's Digest, § 6259.

3. JUDICIAL SALE—INADEQUACY OF PRICE.—Mere inadequacy of price is no ground for setting aside a judicial sale unless it is so gross as to raise a presumption of fraud or unfairness.

4. JUDICIAL SALES—NOTICE—AMOUNT OF JUDGMENT—PUBLICATION.—The last clause of Kirby's Digest, § 4923, providing for the publication of notice in the matter of certain judicial sales, held to have no application to any publication except in matters involving amounts less than three hundred and fifty dollars.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*O. M. Young* and *Geo. C. Lewis,* for appellant.

1. Appellant literally complied with Kirby's Digest, § 6259 and was entitled to relief. 85 Ark. 277. No personal service was had, he had no notice and no bond was filed as provided by section 6254, Kirby's Digest. See also *Ib.,* § 4293; 74 Ark. 477.

2. The land was sold at an inadequate price, at a sacrifice. Until confirmation the entire proceedings

are *in fieri* and a redemption should have been allowed a nonresident defendant, without notice. This was a direct attack for want of proper service.

*R. E. Wiley,* for appellee.

There was no error in refusing to vacate the decree, nor in refusing the offer to redeem. There was no right of redemption; his offer came too late. There must be some point of time when defendants rights are foreclosed. The law fixes the time as the date of the sale. 66 Ark. 490; 105 *Id.* 40; 86 *Id.* 255, 258. The recitals in the decree show that a bond was filed. 57 Ark. 49, 54. No meritorious grounds were shown for vacating the decree or sale. 36 Ark. 591, 605; 90 *Id.* 156. Mere inadequacy of price is not sufficient. 77 Ark. 216; 65 *Id.* 152; 108 *Id.* 366; 111 *Id.* 158, 166. Kirby's Dig., § 4923 only applies to resident defendants. The chancellor had the parties before him; heard all the evidence and found that appellant made no showing to entitle him to relief against the decree or the sale. On the whole record the judgment is right. 103 Ark. 502.

McCULLOCH, C. J. The plaintiff, Mrs. Poynter, instituted an action in the chancery court of Arkansas County to foreclose a mortgage on real estate executed by L. J. Miller and his wife, Irene Miller. The amount of the original mortgage debt was $400, and with interest accrued up to the date of the decree amounted to $526.91. The action was against L. J. Miller and his wife and certain junior lienors, and against appellant, John C. Gleason, who was a subsequent purchaser from Miller. Appellant was a nonresident of the State and was duly summoned by publication of a warning order, an affidavit and proof of his nonresidency having been filed in the action. The other defendants were personally served with summons. The plaintiff complied with the statute concerning judgments and decrees against nonresident defendants and a final decree was entered in the cause foreclosing the mortgage and directing sale of the land by a commissioner of the court. The sale was subsequently made by the commissioner, appellee John H.

Boone being the highest bidder and becoming the purchaser at the sale, and the report thereof was made at the September term, 1915, of the chancery court. At that term of the court, which was within twelve months of the date of the original decree, and before the confirmation of the sale, appellant appeared by attorney and filed a petition to vacate the original decree and for retrial of the action. The petition contained no statement of facts tending to show a defense to the original action, and the court, after hearing the petition, refused to vacate the original decree. It does not appear from the record that the motion for a retrial of the cause was heard by the court.

At the same time appellant filed exceptions to the commissioner's report of sale on the ground that no notice of the sale was served on him, and that the land was sold for an inadequate price. He tendered in court the amount of appellee's bid and asked that appellee be required to accept the same in redemption of the lands from the sale. The court heard the exceptions upon affidavits concerning the market value of the land and entered a decree overruling the exceptions and confirming the sale. An appeal has been duly prosecuted to this court.

(1-2) The court did not err in refusing to vacate the original decree. The statute provides that a judgment defendant, who has been constructively summoned, "may at any time within two years, and not thereafter, after the rendition of the judgment appear in open court and move to have the action retried; and security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and upon the new trial the court may confirm, modify or set aside the former judgment and may order the plaintiff in the action to restore to any such defendant or defendants any money of such defendant paid to them under such judgment." Kirby's Digest, section 6259. It has been repeatedly held by this court that such defendants "have no right,

however, to have the former judgment, meanwhile, vacated on motion. It remains until the case is retried, to be then confirmed, modified or set aside." *Porter* v. *Hanson,* 36 Ark. 592; *Pearson* v. *Vance,* 85 Ark. 272; *West* v. *Burks,* 90 Ark. 156. The sale resulted from the decree, and since it was improper for the court to set aside the original decree before a retrial of the cause on, its merits its necessarily follows that it would not have been proper to set aside the sale or to refuse to confirm it. There was no right of redemption from the sale, and the only remedy of appellant was that afforded by the statute, to have a retrial of the cause and if successful therein to obtain an order on the plaintiff for restitution of the proceeds of the sale of the property.

(3) As to the exceptions to the confirmation, it may be said that the record shows that the sale was fairly conducted, and the evidence was sufficient to warrant the conclusion that the price received was adequate. However, it has been often held by this court that mere inadequacy of price is no ground for setting aside a judicial sale unless it is so gross as to raise a presumption of fraud or unfairness. *George* v. *Norwood,* 77 Ark. 216.

(4) It is also made grounds for exceptions to confirmation of the sale that there was no service upon appellant of the notice of sale. It appears from the report of the commissioner that notice of sale in the form prescribed by the decree was duly published by four insertions in a newspaper, the first insertion being twenty-three days before the date of sale, and that copies thereof were served upon the resident defendants, but it does not appear that there was any service upon appellant. The following statute is relied on as requiring service of the notice of sale on each of the defendants, or publication for thirty days as to nonresident defendants.

"All advertisements and orders of publication required by law or order of any court, or in conformity with any deed of trust or real estate mortgage, or chattel mortgage, where the amount therein received exceeds the sum of three hundred and fifty dollars, or power of

attorney or administrators' notices to be made, shall be published in some newspaper published and having a *bona fide* circulation in the county in which the proceedings are had, to which such advertisement or order of publication shall pertain; if there be no newspaper published in such county, then (by posting five written or printed notices in five of the most public places in such county; provided, the provisions of this act shall not apply to sales under executions issued by justice of the peace; and provided further, that as to amounts under three hundred and fifty dollars notices, written or printed, may be posted in five conspicuous places in the county, and notice shall be served in all cases upon the debtor as summons are now served." Kirby's Digest, section 4923.

That statute has never been construed by this court except that in *Carpenter* v. *Zarbuck,* 74 Ark. 474, we said that if it applied at all to sales of land under decrees of foreclosure, the failure to comply with the statute was only an irregularity which could not be taken advantage of after confirmation. It will be observed that the main body of the statute relates to publication of notices in matters wherein amounts are involved in excess of the sum of three hundred and fifty dollars, and then follows a proviso concerning sales under execution issued by justices of the peace, and then the final proviso which it is evident refers only to proceedings wherein amounts under three hundred and fifty dollars are involved.

We do not decide in the present case whether the statute has any application at all to sales of land under foreclosure decrees of court, but it is evident that the last provision has no application to any publication except in matters involving amounts less than three hundred and fifty dollars. It was the purpose of the Legislature to exclude those matters from the operation of the first part of the statute and to permit notices to be given by posting in five conspicuous places in the county, and by service "upon the debtor as summons are now served."

The statute reads that "in all cases" this service must be had, but the language as used evidently referred

only to those cases in which the amount involved was under three hundred and fifty dollars, and has no application to cases involving more than that amount.

Decree affirmed.