## MORELAND *v.* YOUNGBLOOD.

### Opinion delivered February 5, 1923.

1. JUDGMENT—DECREE ON CONSTRUCTIVE SERVICE—VACATION.— Where a defendant who has been constructively served seeks a new trial under Crawford & Moses' Dig., § 6266, he cannot have the judgment or decree vacated on motion, but it remains until the case is retried, to be then confirmed, modified or set aside.

2. JUDGMENT—CONSTRUCTIVE SERVICE—NEW TRIAL.—On application by defendant constructively summoned to set aside the decree, a meritorious defense must be shown by him.

Appeal from Carroll Chancery Court, Eastern District; *Ben F. McMahan*, Chancellor; affirmed.

STATEMENT OF FACTS.

This is an application by Ella Moreland, a nonresident defendant, under § 6266 of Crawford & Moses' Digest, to have a decree foreclosing a mortgage on real estate set aside and to have the action retried.

It appears from the record that W. H. Youngblood brought a suit in equity against Harrison Larkins, Ella Moreland, and others, to foreclose a mortgage on certain real estate in the Eastern District of Carroll County, Ark. W. H. Larkins owned the land in his lifetime, and had executed a mortgage on it to W. H. Youngblood to secure him in the sum of $100, which he owed him. The mortgage was executed by W. H. Larkins and his wife, Amanda Larkins. W. H. Larkins died without having

paid the mortgage debt, and W. H. Youngblood brought this suit against Harrison Larkins and others to foreclose said mortgage. He obtained personal service on Harrison Larkins and constructive service on Ella Moreland and the other defendants as nonresidents of the State. It was alleged that Harrison Larkins, Ella Moreland and others were the children and sole heirs at law of W. H. Larkins, who had died intestate. The chancellor found the amount due under the mortgage, and a foreclosure decree was duly entered of record. The land was duly sold under the foreclosure decree by a commissioner in chancery appointed for that purpose. J. J. Erwin was the highest bidder, and the land was struck off and sold to him. The commissioner duly made a report of his proceedings, and the chancery court approved and confirmed his report, and ordered him to make a deed to the land to the purchasers.

Ella Moreland, one of the nonresident defendants, who had been constructively summoned in said foreclosure proceedings, made an application, under the statute, after the rendition of the decree, to have the action retried. She introduced evidence tending to show that she was the only child and sole heir at law of W. H. Larkins, who had died intestate. For the reasons given in the opinion it will not be necessary to set out this testimony.

Upon hearing her application the court found that no showing was made to set aside the decree, and the petition of Ella Moreland was denied and dismissed for want of equity. She has duly prosecuted an appeal to this court.

*Johnson & Simpson*, for appellant.

Appellant filed motion and answer within two years of the original decree, and was entitled to have the case retried. 64 Ark. 126.

*Festus O. Butt*, for appellee.

HART, J., (after stating the facts). The practice in this State is that, where a defendant who has been constructively served seeks a new trial under the statute,

he cannot have the judgment or decree vacated on the motion. The judgment or decree remains until the case is retried, to be then confirmed, modified, or set aside. *Gleason* v. *Boone,* 123 Ark. 523.

In the present case Ella Moreland showed no ground for setting aside the mortgage foreclosure proceedings. The proceedings themselves were regular in all respects. There was a valid mortgage and a subsisting debt due, which it was given to secure.

The court found the amount due under the mortgage, and ordered a sale of the land for the satisfaction of the debt secured by the mortgage. A commissioner was appointed to make the sale, and the land was duly sold by him. The sale was made in due time, and was also reported to the chancery court and approved and confirmed by the court. The court then directed the commissioner to execute a deed to the purchaser to the land, which was done. No showing was made by Ella Moreland to have these procedings set aside. She does not show that the foreclosure proceedings were erroneous in any respect. So far as the record discloses, the mortgage was a valid one, and was executed by the father of Ella Moreland in his lifetime. He owned the land and owed the debt for which he mortgaged the land. Therefore the court was right in denying the petition of Ella Moreland and dismissing it for want of equity. It did not make any difference whatever whether she was the sole heir of W. H. Larkins, deceased, or not. She would have just as much right in the one case as the other to have the case retried; but in either event she must show some meritorious defense to the action, and this she has failed to do.

It follows that the decree will be affirmed.