SNYDER *v.* BRIDEWELL.

Opinion delivered December 8, 1924.

1. DEEDS—CERTAINTY.—As a general rule, deeds or mortgages, to pass title, must describe land with sufficient certainty to describe it, or make reference to something tangible by which the land can be located.

2. MORTGAGES—DESCRIPTION BY REFERENCE TO OWNERSHIP.—A mortgage describing the lands conveyed as "all property owned by the" mortgagor "or afterwards acquired by it in" certain counties was sufficient to constitute constructive notice to all persons dealing with lands owned by such mortgagor in those counties.

3. **VENDOR AND PURCHASER—RESCISSION—LACHES.**—Since an offer
to rescind a contract of purchase of land must be made within
a reasonable time after having had an opportunity to discover
the grounds therefor, purchasers who remained in possession
of the land for several years after purchase thereof without
offering to rescind for defect or failure of title will be held
to have forfeited the right to rescind.

Appeal from Howard Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*W. P. Feazel,* for appellant.

Appellee had no title to the land conveyed. The words "all of the property of the Nashville Lumber Company owned by it on the date of the filing for record of the deed of trust" are too indefinite to pass the title to any particular tract of land. In all conveyances the grantor must describe the thing granted with sufficient certainty to ascertain its identity, or else the grant conveys nothing. 3 Ark. 18; 30 Ark. 640; 30 Ark. 659; 35 Ark. 476. The covenant of seizin contained in plaintiff's deed was broken as soon as made, and, under the cases at 33 Ark. 640, 8 Ark. 368, and 74 Ark. 34, defendants, having tendered a quitclaim deed to plaintiffs, thereby placing plaintiff *in statu quo* by conveying the land back to him, is entitled to recover the purchase money paid for said land with interest thereon.

*Jas. S. McConnell,* for appellee.

A deed is void for uncertainty unless it contains on its face a description of the land which is sufficiently certain to enable the property to be identified, or unless it contains such description as, with the aid of evidence outside of the deed and not contradictory, will identify and locate the land. 59 W. Va 91, 8 Ann. Cas. 929. This is a correct rule, and is not inconsistent with 3 Ark. 18 and the other cases cited by appellant. The purchasers located and took possession of the land by the aid of "evidence outside of the deed," and the rule announced in 51 Ark. 390 applies.

HUMPHREYS, J. This suit was brought by appellees against appellants in the chancery court of Howard

County to foreclose a vendor's lien for unpaid purchase money against all that part of the N½ of the NW¼ of section 36, township 7 south, range 27 west, north of Muddy Fork, in Howard County, Arkansas.

Appellants filed an answer and cross-complaint, interposing the defense that appellees had no title to the land when they conveyed it to them, and had acquired none since, and offering to rescind the contract of sale and purchase. In keeping with their offer to rescind their contract, they tendered a deed into court conveying said land back to appellees, and prayed for a judgment against them for the purchase money, which they had theretofore paid.

The cause was heard upon the pleadings and testimony adduced, which resulted in a judgment and decree of foreclosure for the unpaid purchase money of $433.18 and interest thereon, from which an appeal has been duly prosecuted to this court.

The record herein reveals the following undisputed facts: The land in question was formerly owned by the Nashville Lumber Company. This company executed a mortgage on all of its property in Howard and several other counties in Arkansas to the Lesser-Goldman Cotton Company for a large sum. The land in question was described in the mortgage, if at all, as "all property owned by the Nashville Lumber Company, or afterwards acquired by it, in Howard and other counties in Arkansas." The mortgage was foreclosed in the United States District Court for the Western District of Arkansas, Texarkana Division, and in all the proceedings the description of the property followed the description in the mortgage. The property was conveyed to the purchaser at the foreclosure sale, and by the purchaser at said sale to appellees under the same general description. Appellees however conveyed it under specific and definite description to appellants and placed them in possession thereof. Prior to the foreclosure proceedings aforesaid, the Nashville Lumber Company conveyed the land in question under specific and definite descrip-

tion to the Graysonia-Nashville Lumber Company, who still claims title thereto, but has never brought suit to evict appellants.

The instant suit was brought on March 28, 1923, and at that time appellants had been in actual possession of the land in question for several years, having moved upon same a short time after they purchased it on the 10th day of June, 1919.

The only questions arising on the appeal for determination by this court are, first, whether the general description contained in the Goldman mortgage, and the foreclosure proceedings thereunder, were sufficient in law to convey a title to the land; and second, whether appellants were in a position to interpose a defect or failure of title as a defense to a recovery of the unpaid purchase money.

(1) The general rule as to the sufficiency of a description to pass title to land under deed or mortgage in this State is that it shall be described with sufficient certainty to identify it. If not particularly and certainly described in the deed, the deed itself must make reference to something tangible by which the land can be located. *Doe ex dem. Phillips Heirs* v. *Porter,* 3 Ark. 18; *Tolle* v. *Curley,* 159 Ark. 175. The deed itself must furnish a key by which the land sought to be conveyed may be identified, and the real question in this case is whether the reference to ownership of lands in a certain county and State will accomplish this purpose. It will be observed that the description in the mortgage and foreclosure proceedings in the instant case embraces all the property owned by the Nashville Lumber Company in Howard and certain other counties in Arkansas. Of course, a reference to a part of the lands owned by said company in said counties would be too indefinite and uncertain to pass title to any lands, but we think the description covering all the lands owned by said company in said counties is definite enough to satisfy our registration laws, and was constructive notice to all parties dealing with lands owned by said company in said counties.

This exact point has never been decided by this court, but the rule thus announced is in accord with the weight of authority, and follows the rule laid down by the Supreme Court of the United States. *Wilson* v. *Boyce,* 92 U. S. 325; *Harmon* v. *James,* 45 Amer. Dec. 296 (Miss.) ; *Roehl* v. *Haumesser,* 114 Ind. 314; *Higgins* v. *Higgins,* 121 Cal. 489; *Strouse* v. *Cohen,* 113 N. C. 349; *Smith* v. *Westall,* 17 Tex. 509; Devlin on Deeds, § 1013; 8 R. C. L. 1076.

(2) Moreover, if the description were defective, appellants are not in a position to interpose a defect or failure of title as a defense to the recovery of the unpaid purchase money. Appellants remained in possession of the land for several years after purchasing same, and made no effort to rescind the contract on account of a defect or failure of title. Even if such a defense were permissible in a suit for purchase money before eviction, a question unnecessary to determine, appellants, by lapse of time, have forfeited the right to rescind the contract. An offer to rescind a contract must be made within a reasonable time after having had an opportunity to discover the grounds therefor.

No error appearing, the decree is affirmed.

Chief Justice McCULLOCH and Mr. Justice SMITH concur.

CONCURRING OPINION.

McCULLOCH, C. J.   The mortgage executed by Nashville Lumber Company to Lesser-Goldman Cotton Company conveyed by definite and accurate descriptions, according to government plats, a large number of tracts of land in Howard and other counties, and the list of properties concluded with the language copied in the opinion of the majority, and, prior to the foreclosure of the Nashville Lumber Company, conveyed the lands involved in this controversy to another concern, describing the tracts accurately by reference to government plats. The tract in controversy was, at the time of the execution of the mortgage, unoccupied, and there was no reference in the mortgage to occupancy. The question

involved in the present discussion is whether or not such a description in a mortgage is sufficiently definite to constitute constructive notice to third persons. There is no question presented as to whether the description is sufficient to carry title as between the parties, or even as against third parties with actual notice. The effect of our own decisions is, I think, correctly stated in the opinion of the majority to be that there must be a particular and certain description in the deed, or the deed "must make reference to something tangible by which the land can be located." Reference to occupancy or to any other tangible object would be sufficient, but I do not believe that it is sound to say that mere reference to ownership is sufficient to put third parties upon notice. There are, undoubtedly, many authorities which appear to sustain the views of the majority, but an examination of the cases discloses that many of them make no distinction between a mortgage deed, as in the present case, and an executory contract, as in the case of *Higgins* v. *Higgins* 121 Cal. 489, cited by the majority, or statute creating a lien, as in the case of *Wilson* v. *Boyce,* 92 U. S. 325. A distinction in those phases of the question does, I think, exist. Where a statute creates a lien on all property of a corporation, as was the case in *Wilson* v. *Boyce, supra,* all persons must take constructive notice of the application of the statute; and, in the case of an executory contract, all persons with actual notice are bound by it. There are, however, cases which go to the same extremes as do the majority of this court now, but there is authority to the contrary. In the case of *Herman* v. *Deming,* 44 Conn. 124, the court expressed the view which seems to be reasonable and sound. See also the case of *Green* v. *Witherspoon,* 37 La. Ann. 751. In both of the cases just cited the description was substantially the same as that employed in the present instance, and in both cases it was held that it was ineffectual as against third parties.

A description of this kind is too indefinite to constitute constructive notice, for the obvious reason that it

is not practicable for a third person to make the notice real so as to obtain actual information, of the conveyance. We know that, in the customary method of preparing an abstract of title, such a description would not appear on a set of abstract books so as to apprise the abstracter of the information as to all the tracts of land to which it applied, and, in making an abstract for a given tract of land, no information would be afforded as to such conveyance. To hold that such a description constitutes constructive notice may therefore work a hardship. In the present instance a third person would be compelled to search the records in all of the counties where the mortgage was recorded to ascertain what lands were owned by the mortgagor.

I concur in the judgment on other grounds, but I do not agree with the majority on this point.

Justice SMITH concurs in the views here expressed.