AMERICAN INVESTMENT COMPANY *v.* GLEASON.

Opinion delivered April 28, 1930.

742

Rose, Hemingway, Cantrell & Loughborough, for appellant.

M. F. Elms and Joseph Morrison, for appellees.

Hart, C. J., (after stating the facts). The practice in this State is that, where a defendant has been constructively summoned seeks a new trial under § 6266 of Crawford & Moses' Digest, he cannot have the judgment or decree vacated on motion, but it will remain until the case is retried, to be then confirmed, modified, or set aside as the evidence introduced may warrant. *Gleason v. Boone,* 123 Ark. 523, 185 S. W. 1093; *Moreland v. Youngblood,* 157 Ark. 86, 247 S. W. 385; and *Horn v. Hull,* 169 Ark. 463, 275 S. W. 905.

This brings us to a consideration of whether the evidence introduced in support of the motion was sufficient to set aside the original decree in favor of appellee. This question largely depends upon whether the description in the original mortgage given by the Prange Brothers to John C. Gleason was so vague and indefinite as to be held void for uncertainty.

The general rule in this State is that the description in a deed or mortgage is not to be held void for uncertainty if, by any reasonable construction, it can be made available. When a description of the land as given in the instrument is doubtful, the courts in their endeavor to arrive at its meaning should assume the position of the parties. The circumstances of the trans-

action should be carefully considered, and in the light of these circumstances the mortgage should be read and interpreted. *Walker* v. *David,* 68 Ark. 544, 60 S. W. 418; and *Scott* v. *Dunkel Box & Lumber Co.,* 106 Ark. 83, 152 S. W. 1025.

In *Wells* v. *Moore,* 163 Ark. 542, 260 S. W. 411, the courts said that all the law requires is that the general description of the land contained in the instrument should furnish the means of its definite location and identification. Again, in *Snyder* v. *Bridewell,* 167 Ark. 8, 267 S. W. 561, the court said that the general rule is that the sufficiency of a description to pass title to land under a deed or mortgage is that it shall be described with sufficient certainty to identify it. The court said further that the description in the deed must refer to something tangible by which the land can be located.

This is in application of the maxim that that is certain which can be made certain. In the application of the rule, it is settled in this State that a deed or mortgage cannot be declared void for uncertainty if it is possible, by any reasonable rule of construction, to ascertain from the description, aided by extrinsic evidence, what property is intended to be conveyed. In short, the office of the description in a deed or mortgage is not to identify the land, but to furnish the means of identification.

The description in the mortgage to Gleason is set out in our statement of facts, and need not be repeated here. It is the contention of counsel for appellant that it plainly conveys the west half of section 21 and the northeast quarter of section 29, and an undivided one-half interest in the Prange and Tindall Pumping Plant and Canal with all lands, machinery, and fixtures belonging thereto. In other words, they contend that the description itself shows that the mortgagors intended to convey certain lands in sections 21 and 29, and their one-half interest in a pumping plant and canal located in section 15. On the other hand, it is the contention of

counsel for appellee, and the chancery court so found, that the description in the mortgage, when read in the light of the circumstances surrounding the parties at the time the conveyance was made, shows that the mortgagors intended to convey to the mortgagee certain lands in sections 21, 29 and 15, and also their undivided one-half interest in a pumping and canal plant located thereon.

We think the construction placed upon the mortgage by the chancery court more naturally follows the description contained in the mortgage itself, when read in the light of the attendant circumstances. It will be remembered that according to the testimony of the engineer the pumping plant is situated in section 15, and the canal extends down through section 15 into section 21, which is also conceded to be embraced in the mortgage. It will be noticed, that the mortgage describes an undivided one-half interest in the Prange and Tindall Pumping Plant and Canal. This would indicate a reason for describing the pumping plant and canal. If the mortgagors had owned the whole of the pumping plant and canal, this would pass with the description of the lands themselves. But, inasmuch as they only owned an undivided one-half interest, it was necessary to describe the pumping plant and canal. Then in addition "all lands (about 200 acres in section 15-3-2)" are embraced in the mortgage. The evidence shows that all the lands owned by the mortgagors in section 15 was 200 acres, and it naturally follows that the describing of the lands by quantity conveyed the whole of the tract owned by the mortgagors to the mortgagee. Otherwise, no useful purpose would have been served by describing the quantity of the lands. Of course, quantity does not control when it is contradicted by the particular description. But, in the present case, it is not contradictory, but is rather explanatory of the property intended to be embraced in the mortgage.

In *Wilson* v. *Boyce*, 92 U. S. 320, there was a statutory mortgage securing bonds issued by the State of

Missouri to a railroad company, which bonds, it was enacted, "shall constitute a first lien and mortgage upon the railroad and property of the several companies so receiving them," etc. The question was whether certain lands which did not constitute the railroad or any part thereof, but which were owned by the railroad company, should be considered to be embraced in the mortgage. The tracks of the railroad were not located upon the lands in question, nor were they used in connection with the railroad. The court said that the description, "the railroad and property of the several companies so receiving them," embraced the lands, and the word "property," as used in the statute, created a valid lien on the lands belonging to the railroad, but which were not used in connection with it. The court said: "The generality of its language forms no objection to the validity of the mortgage. A deed 'of all my estate' is sufficient. So a deed 'of all my lands wherever situated' is good to pass title. *Johnson* v. *DeLancy,* 4 Cow. 427; *Pond* v. *Berg,* 10 Paige, 140; 1 Atk. on Conv. 2. A mortgage 'of all my property' like the one we are considering, is sufficient to transfer title."

In the present case, we are of the opinion that the chancery court rightly held that, when the description in the mortgage was read in the light of the circumstances surrounding the contracting parties, it was the intention to include in the mortgage the undivided one-half interest of the mortgagors in the pumping plant and canal, and, in addition, all the lands owned by them in section 15. If they had intended merely to mortgage their undivided one-half interest in the pumping plant and canal, they would likely have so stated, and would not have described all of the land owned by them in section 15. Therefore the decree will be affirmed.

HART, C. J., (on rehearing). Counsel for appellant earnestly insist that a rehearing should be granted because the description in the mortgage brings this case within the principles of law decided in *Freed* v. *Brown,*

41 Ark. 495, and other decisions of this court, to the effect that a description in a conveyance of a part of a particular tract of land of a larger tract, containing a designated quantity of acres, is void for uncertainty. The reason is that in such cases the calls in the deed do not refer to anything by which the land could be located, and parol evidence cannot import terms into an instrument. It can only be used to explain or show the things to which the instrument refers by the terms it uses so as to make the terms certain when understood. For that reason, all instruments of that character are void upon their face for uncertainty.

We have set forth the description of the mortgaged lands in our former opinion as contained in the mortgage to Gleason, and do not deem it necessary to set them out again in this opinion. Reference to the description will show that it does not fall within the class of cases just referred to, but rather comes within *Little Rock and Ft. Smith Ry. Co.* v. *Evins*, 76 Ark. 261, 88 S. W. 992, and *Walker* v. *David*, 68 Ark. 544, 60 S. W. 418.

In the case first cited, it was admitted by the parties that the tract in controversy contained 7-19/100 acres. Hence there was a call within the deed by means of which by the aid of parol evidence the land could be identified or located. In the latter case, there was also a call within the deed showing the quantity of lands conveyed, and the proof was that the grantor owned only that amount of land in the section under consideration and owned no other land in that section. Hence the calls in the deed, aided by parol evidence, were sufficient to identify and locate the land.

So here it was admitted by the parties that 200 acres were, at the time of the execution and delivery of the mortgage to Gleason, all the lands in section 15, township 3, south of range 2 west, Arkansas County, which were owned by the mortgagors. Hence, under the cases above cited, the description was sufficient. If the mortgagors had owned a greater quantity of land than that

described in the mortgage in section 15, the cases cited by appellant would control.

The most serious contention in our mind is whether or not we were correct in holding that the description of the 200 acres in section 15-3-2 referred to the 200 acres of land owned by the mortgagors in that section or was merely intended to convey the right-of-way for the canal owned by the Prang and Tindall Pumping Plant and Canal. After a careful consideration of the matter, we adhere to our original view on this point. There is a plat of the pumping plant and canal in the transcript. The map shows that the pumping plant is located in the northwest corner of said section 15 on White River. It extends in a southwesterly direction through the northwest quarter of section 15 into section 16. Thence, it runs in a southwesterly direction to the center of section 16. The canal then extends southward through the eastern half of section 21 but close to the western boundary thereof. It enters section 28 near the western boundary of the east half of section 21 and extends through section 28 in a southwesterly direction.

Now, it will be noted that the description in the mortgage is the northwest quarter of section 29 which is the 160 acres west of the north half of section 28. Then the mortgage contains a description as follows: "West half of section 21. This is the 320 acres west of the canal which runs through the east half of section 21." It will be noted that the description is of a one-half interest in the Prang and Tindall Pumping Plant and Canal, with all lands, (about 200 acres, in section 15-3-2), machinery and fixtures thereto belonging.

Now the evidence shows that nothing like this amount of land would have been required as a right-of-way for the canal. It is conceded that 8 or 9 acres would have been sufficient for that purpose. Therefore, we think that the expression "all lands, about 200 acres," in connection with the agreement that 200 acres was all the land owned by the mortgagors in section 15, shows that

the mortgagors intended to convey the 200 acres of land and in addition thereto their one-half interest in the pumping plant and canal. If, as contended by counsel for appellant, they had merely intended to convey the right-of-way for the canal, it would have been just as necessary to have done this by proper description through the other lands as it would have been through the lands in section 15. It is shown that most of the 200 acres owned by the mortgagors in section 15 were not adjacent to the canal, and were not used as a part of its right-of-way, and the use of the phrase "all lands," etc., indicates that it was intended to embrace in the mortgage all the lands owned by the mortgagors in section 15, instead of merely those necessary for a right-of-way for the canal. Therefore the motion for rehearing will be denied.