TURRENTINE *v.* THOMPSON.

4-4451

Opinion delivered December 7, 1936.

*E. F. McFaddin,* for appellant.

*Carrigan & Monroe,* for appellees.

HUMPHREYS, J. By stipulation of the parties in the trial court, only one question was involved, and that is whether the description in a deed executed by Will Turrentine to Zazelle Turrentine on the 4th day of May, 1927, and recorded on the 18th day of June, 1927, was sufficiently definite to convey to her a fee simple title of an undivided one-half interest in the following described forty-acre tract in Hempstead county, Arkansas, to-wit: "Southwest quarter of the northeast quarter (SW¼ NE¼) of section eight (8), township twelve (12) south, range twenty-five (25) west, containing in all forty acres, more or less."

At the time Will Turrentine made the deed to her he owned an undivided one-half interest in fee in said forty-

acre tract, and she owned an undivided dower interest in said tract. The description in his deed to her is as follows: "All the right, title, interest, equity, and/or claim of every kind or character, which I may now or hereafter have, as heir of Richard Turrentine, deceased, in and to all moneys, credits, chattels, effects, insurance funds, choses in action, and/or real, personal or mixed property of every kind or nature and wherever situated."

On the fourth day of June, 1927, Will Turrentine conveyed by particular description the forty-acre tract to W. C. Thompson, which was recorded on the 23d day of June, 1927. In turn, W. C. Thompson conveyed the forty by particular description to Earl Thompson on the 15th day of November, 1927, which was recorded on the 19th day of January, 1928.

The only question arising on this appeal is whether the chancery court of Hempstead county correctly held that the description was insufficient to convey title to any particular land. The rule in this state as to whether descriptions in deeds are sufficient to convey title is that the description therein must furnish a key by which the land attempted to be conveyed can be definitely located. It was said, in the case of *Tolle* v. *Curley*, 159 Ark. 175, 251 S. W. 377, that "A deed is not void for uncertainty of description if the land can be located from the description in the deed." In the case of *Snyder* v. *Bridewell*, 167 Ark. 8, 267 S. W. 561, this court said: "The deed itself must furnish a key by which the land sought to be conveyed may be identified." It will be observed that the description in the deed does not identify it as being in any county or even in the state. It does not furnish a key by which the land might be certainly identified. For aught said in the deed, the land intended to be conveyed might be in another state. Had the deed said that it was all the land owned by Will Turrentine in Hempstead county, Arkansas, the deed itself would have furnished a key by which the land might be located, but to simply say it was all the land owned by him wherever situated is too uncertain and indefinite to furnish a key by which any particular land might be identified.

The decree of the chancery court is affirmed.