228 F.2d 816
 The PEKIN WOOD PRODUCTS COMPANY, Beisel Veneer Hoop Company, Linnie C. Askew, Chester Jones, Helen Graves Darnell, Clyde H. Smith, and Carroll Packing and Distributing Company, Defendants, and Della Green, Leroy Stephens, French McKnight, R. W. Orr, J. T. Franklin, J. M. Haynie, D. W. Jordan, C. J. Jackson and W. G. Dinning, Intervenors, Appellants,
v.
Charles W. AFFLICK, Jr., Appellee.
 No. 15396.
 United States Court of Appeals Eighth Circuit.
 January 10, 1956.
 
 W. G. Dinning, Helena, Ark. (Dinning & Dinning, Helena, Ark., on the brief), for appellants.
 Archer Wheatley, Jonesboro, Ark. (Joe C. Barrett, Berl S. Smith, and J. C. Deacon, Jonesboro, Ark., on the brief), for appellee.
 Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.
 WOODROUGH, Circuit Judge.
 
 
 1
 The controversy arises out of the abandonment by the Helena and Northwestern Railway Company of the part of its right of way more than a mile long which runs southwesterly from the North city limits of West Helena, Arkansas. The right of way was two hundred feet wide and the plaintiff herein claimed to be the owner and entitled to possession of all of it until it was established against him in favor of defendants in other litigation that the persons who had received conveyances of lots and blocks adjacent to the East line of the right of way, by or through the West Helena Company, became entitled under Arkansas law to the fee of the land extending from the east line of the abandoned right of way up to the middle thereof. Those defendants, however, had erected fences covering the whole of the right of way and the plaintiff brought this action against them to compel them to remove the fences from the west half of the right of way and to enjoin them from making any claim to any part of the west half. Thereupon, persons who had received conveyances of lots and blocks lying to the west of the right of way, by or through the West Helena Company, intervened in the action and claimed that the ownership and right of possession of said west half was in them. The defendants disclaimed ownership in any part of the west half in themselves. Thus the real controversy in this case was between the plaintiff and the intervenors, both claiming the west half of the right of way.
 
 
 2
 The case was submitted to the court on the motion of the plaintiff for summary judgment on the ground that there was no question of fact to be determined and that plaintiff was entitled to recover the west half of the right of way as a matter of law. The Court found the facts established by the pleadings with exhibits thereto, the stipulations and records, and on full consideration sustained the plaintiff's motion. Judgment establishing ownership of the west half of the right of way in plaintiff was entered accordingly accompanied by the opinion of the trial court which is published at D.C., 131 F.Supp. 910.
 
 
 3
 The intervenors contend on their appeal for reversal of the judgment:
 
 
 4
 1. That the Court erred in finding that the West Helena Consolidated Company (successor to the West Helena Company) was the owner of the fee in the west half of the right of way at the time of the purported sale of the company's assets by its receiver to the plaintiff's predecessor in interest and that said sale was valid.
 
 
 5
 2. That the Court erred in finding that there was a sufficient description of the property at the judicial sale to effect a transfer of the property in controversy.
 
 1.
 
 6
 The appellants do not contend that the trial court has not fully and correctly set forth in its opinion the facts upon which the rights of the parties herein to the west half of the abandoned right of way depend.
 
 
 7
 Their first point is based on the contention that the West Helena Company, from which both plaintiff and the intervenors derive their claims of title, divested itself of all interest in the west half of the right of way when it platted and sold to intervenors and their predecessors in interest, the lands it owned to the west of the right of way. Such was concededly the consequence to it when it platted and sold its land adjacent to the east line of the right of way and it is agreed to be the general rule in Arkansas that where one owns lands on opposite sides of a railroad right of way, a conveyance by him of all such lands, in the absence of a manifestation of a contrary intent, completely divests him of all interest in the right of way.
 
 
 8
 But as shown in the opinion of the trial court, the difference between the situation on the east side of the right of way and that on the west side was that the land sold by the West Helena Company on the east side abutted immediately upon the railroad right of way, whereas on the west side, the company platted and dedicated a public street adjacent to and parallel with the railroad which is paved and remains in public use, so that none of the lots owned by the intervenors are contiguous to the railroad right of way. They abut upon the street.
 
 
 9
 Concerning the street intervening between their property and the railroad right of way, appellants argue that it was taken wholly off of the side of the West Helena Company's land and the fee to all of it, subject to the public's easement, passed to them. They claim that in consequence their property should be regarded as adjacent to the railroad right of way.
 
 
 10
 The trial court carefully reviewed the facts and circumstances surrounding the creation of the railroad right of way consisting of two one hundred foot wide strips granted at different times and the creation of the street and of the lots and blocks to the west of the right of way conveyed to appellants or their antecedents. It expounded at length the applicable principles of Arkansas law including the general rule above stated, noting also the purpose of the rule to accomplish the intent of grantors of easements and the limitations upon its application. It concluded that it could not fairly be inferred from the facts as they appeared that the West Helena Company intended to divest itself of its interest in the west half of the right of way. Considering the transfers as they were made one by one over the course of years, it appeared to have been the intent of the grantor to retain the west half of the right of way and consequently the east half of the street. The Court's conclusion, based on full consideration of the Arkansas decisions, was that the intervenors had no title to any of the land east of the middle of the street.
 
 
 11
 The Court declared its decision to be in accord with the decision of the Supreme Court of Arkansas which it believed to be in point, to-wit: McGee v. Swearengen, 194 Ark. 735, 109 S.W.2d 444, q. v.
 
 2.
 
 12
 As to the plaintiff's title. Under their second point, the appellants attack the plaintiff's title, which was derived from a judicial sale of the property of the West Helena Consolidated Company in 1923.
 
 
 13
 The trial court set out in its opinion the details of the transactions by which the father of the plaintiff herein, from whom plaintiff derives his title, bought and paid for and had judicial confirmation of his purchase from the receiver of the West Helena Consolidated Company of all of the property of that company except certain items thereof sold to one E. M. Polk. The chain of title to plaintiff lacked a certain "correction deed" contemplated by the order of the court having plenary jurisdiction entered on July 27, 1925, but the trial court found that the senior Afflick became entitled to the execution and delivery of such deed and equity regards done that which should have been done. The conclusions of the trial Court that the plaintiff's predecessor in interest acquired title to the west half of the right of way from the receiver of the development company through the judicial sale in 1923 is clearly supported by substantial evidence.
 
 
 14
 As to the description of the lands involved considered by the trial court 131 F.Supp. under [5] on page 918, the finding that the description:
 
 
 15
 "`Also All and singular other real estate owned, held, claimed or possessed or to which the West Helena Consolidated Company may have, claim, possess or hold any right or interest in the real estate hereinabove described, or any and all other real estate not specifically mentioned herein, it being the intention to include in this decree (sic) any and all other real estate and equities of redemption owned, held and possessed by the West Helena Consolidated Company, or to which said Company may have a claim thereto either in law or equity.'" [p. 913.]
 
 
 16
 was followed by the phrase "`All of said property being situated in Phillips County, Arkansas'" was in accord with the evidence.
 
 
 17
 The court observed that the addition of this geographical limitation furnished a key by which the property might be identified and it held upon consideration of the Arkansas law that the description was sufficient. It cited Turrentine v. Thompson, 193 Ark. 253, 99 S.W.2d 585, and Snyder v. Bridewell, 167 Ark. 8, 267 S.W. 561, which support the conclusion arrived at.
 
 
 18
 We have considered all contentions presented for reversal but none of them is sustained. The trial court's findings of fact are fully supported by the evidence and each of the questions of law passed on by the trial court and argued here is a question of Arkansas law. Each ruling finds support in controlling Arkansas decision and our study has not convinced us of error as to any. In each instance a permissible conclusion has been reached and there can be no reversal in favor of the appellants who have voluntarily intervened in the Federal Court proceedings. American National Bank of St. Paul v. National Indemnity Co., 8 Cir., 222 F.2d 513; Guyer v. Elger, 8 Cir., 216 F.2d 537; Kimble v. Willey, 8 Cir., 204 F.2d 238; National Bellas Hess v. Kalis, 8 Cir., 191 F.2d 739.
 
 
 19
 Affirmed.