The Honorable Sandra D. Rodgers State Representative P.O. Box 595 Hope, AR 71802-0595
Dear Representative Rodgers:
This is in response to your request for an opinion regarding the validity of a particular deed. Your specific question is "whether there is a law in Arkansas requiring a deed to contain a more detailed description than that in the attached[?]"
This question requires a review of Arkansas case law, and application of settled principles derived therefrom, as there is no controlling statutory law. According to my review, the general rule is that a deed will not be declared void for uncertainty if it is possible to ascertain from the description, aided by extrinsic evidence, what property is intended to be conveyed. American Investment Co. v. Gleason,181 Ark. 793, 28 S.W.2d 70 (1930). As stated in Gleason, "[i]n short, the office of the description in a deed . . . is not to identify the land, but to furnish the means of identification." 181 Ark. at 743.
Whether a particular description is sufficient will therefore require a case-by-case determination. I cannot engage in the private practice of law (A.C.A. § 25-16-701), and thus cannot advocate a position with regard to the deed in question. Nor is this a matter falling within the ordinary scope of an Attorney General opinion. The parties may wish, however, to refer to the case of Turrentine v. Thompson, 193 Ark. 253, 99 S.W.2d 585
(1937), and the facts therein, for additional insight wherein the court stated:
 The rule in this state as to whether descriptions in deeds are sufficient to convey title is that the description therein must furnish a key by which the land attempted to be conveyed can be definitely located. It was said, in the case of Tolle v. Curley, 159 Ark. 175, 251 S.W. 377, that `A deed is not void for uncertainty of description if the land can be located from the description in the deed.' In the case of Snyder v. Bridewell, 167 Ark. 8, 267 S.W. 561, this court said: `The deed itself must furnish a key by which the land sought to be conveyed may be identified.' It will be observed that the description in the deed does not identify it as being in any county or even in the state. It does not furnish a key by which the land might be certainly identified. For aught said in the deed, the land intended to be conveyed might be in another state. Had the deed said that it was all the land owned by Will Turrentine in Hempstead County, Arkansas, the deed itself would have furnished a key by which the land might be located, but to simply say it was all the land owned by him wherever situated is too uncertain and indefinite to furnish a key by which any particular land might be identified.
193 Ark. at 254.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh